BAME v. BAME.

1. Specific Performance—Parol Contracts—Enforceability by Chancery Court.
   Court of chancery has authority to compel specific performance of parol contract to convey land which has been fully performed by promisee.

2. Same—Contract to be Enforceable Must be Binding on Both Parties.
   A contract, to be specifically enforceable in equity, should be binding on both parties alike, both as to obligation and remedy.

3. Same—Proof of Contract Must be Clear.
> In suit for specific performance of parol contract to convey land, proof of contract must be clear.

4. Same—Promise to Devise Lands Unenforceable.
> Where, in suit for specific performance of parol contract to convey land, testimony in plaintiff's favor, given its most favorable construction, established only promise to give or devise lands, bill was properly dismissed.

5. Frauds, Statute of—Parol Gift of Land Unenforceable.
> By reason of statute of frauds, equity will not enforce mere voluntary agreement or parol gift of land.

Appeal from Cass; Warner (Glenn E.), J. Submitted April 16, 1930. (Docket No. 46, Calendar No. 34,815.) Decided June 2, 1930.

Bill by Lena Louise Bame, an infant, by Gertrude Webb, her next friend, against Katherine Bame and others for specific performance of an alleged oral contract to convey land. From decree dismissing bill, plaintiff appeals. Affirmed.

*Walter C. Jones* and *Lewis W. James,* for plaintiff.

*Edwin J. Donahue* and *Charles H. Kavanagh,* for defendants.

Sharpe, J. The trial court filed an opinion which so fully expresses the conclusion we have reached after an examination of the record, that we adopt it as our own. It reads as follows:

"The plaintiff is ten years of age. Her father was James Bame, who died April 17, 1925. Samuel Bame, father of James and grandfather of plaintiff, passed away November 21, 1928. Katherine Bame and Jennie Bame Hartsell are children of Samuel, and Ellen Bame, his widow, is 84 years of age.

"James Bame married in 1915 and separated from his wife October 13, 1921. The wife subsequently remarried and commenced this proceeding as the next friend of the infant plaintiff.

"November 24, 1928, a bill of complaint was filed to enforce specific performance of an alleged oral contract claimed to have been entered into approximately 30 years before the death of Samuel, by the terms of which it was agreed that James was to have a farm of 120 acres of section 28, Howard township, Cass county, Michigan, if he would remain at home and work the farm.

"In a uniform line of decisions from *Twiss* v. *George,* 33 Mich. 253, to *Outland* v. *Outland,* 237 Mich. 122, it has been held that a court of chancery has the authority to compel the specific performance of a parol contract to convey land which has been fully performed by the promisee. Therefore, the questions presented are whether such contract and full performance by the plaintiff's father has been proved as will take the case out of the statute of frauds (3 Comp. Laws 1915, § 11977), and bring it under section 11979, 3 Comp. Laws 1915, and permit the plaintiff to prevail.

"As above stated, it is claimed the contract was entered into approximately 30 years before the death of Samuel Bame, but the testimony of Mrs. Gertrude Webb, former wife of James Bame, given its fair import in the light of her acts, discloses she filed a bill for divorce in 1921 against James Bame, alleging he was working this farm on shares, and further, that she petitioned the probate court for the appointment of the administrator and did not claim her former husband had title or interest in this land.

"On a bill to enforce specifically a parol contract to convey land, the proof of the contract must be clear. 'A contract, to be specifically enforceable in equity, should be binding on both parties alike, both as to obligation and remedy.' *Kimball* v. *Batley,* 174 Mich. 544. Witnesses testified to statements of

Samuel Bame, made at different times that he intended, at some future time, to give or devise the land to his son, James. Giving the testimony offered by the plaintiff its full probative force and its most favorable construction, it establishes only a promise to give or devise lands.

" 'By reason of the statute of frauds equity will not enforce a mere voluntary agreement or parol gift of land. * * ' * A gift of or a promise to give land is a transfer or promise to transfer an estate therein and as such within the statute, and this is also true as to a promise to devise land to the promisee.' 25 R. C. L. pp. 279, 551, 585.

"The bill is dismissed, with costs to the defendants."

The decree is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, POTTER, NORTH, and FEAD, JJ., concurred.