WORSHAM *v.* McCALL.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—FORMER DECISION MODIFIED.

　　Former decision denying specific performance of agreement in land contract to gravel streets and lay sidewalks in whole subdivision, where defendant owned vendor's interest in only one lot, is modified, on rehearing, and permission given plaintiff to file bill for cancellation of contract and accounting against proper parties or to institute action at law to recover any damages plaintiff may have sustained.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 17, 1932. (Docket No. 25, Calendar No. 35,944.) Decided September 16, 1932. Submitted on rehearing February 3, 1933. Former opinion modified March 2, 1933.

Bill by Thomas S. Worsham against Anna McCall for specific performance of a land contract. Bill dismissed conditionally. Plaintiff appeals. Affirmed conditionally.

*Lindley & Delaney,* for plaintiff.

*Edward J. Fallon (Abraham Satovsky,* of counsel), for defendant.

## ON REHEARING.

NORTH, J. This case is before us on rehearing. Former decision is reported in 259 Mich. 630. The sole relief sought by plaintiff in his bill of complaint is specific performance. For reasons stated in our former opinion plaintiff was not entitled to the relief prayed. However, upon further consideration incident to this rehearing, we are of the opinion that by affirming the decree entered in the circuit court dismissing the bill of complaint on condition defendant would lay a sidewalk and gravel the street in front of plaintiff's lot, an inequitable result was accomplished, unless plaintiff is granted the option of seeking relief in a proper proceeding. Plaintiff's contract provides for walks and graveled streets throughout the whole subdivision. To require him to accept less is to change the terms of his contract to his disadvantage. This the court does not have the power to do. In view of the complication resulting from a breach of the contract by each of the

parties to this suit, it was quite impossible to do exact equity in a suit for specific performance. The decree entered provided for as nearly an equitable disposition of the controversy as was possible in view of the specific remedy sought and the record presented.

Upon rehearing, plaintiff claims he is entitled to cancellation and an accounting. The record before us is not sufficiently full to render possible consideration of all questions pertinent to cancellation. Something akin to cancellation seems first to have been injected into the case by plaintiff incident to settling the decree in the circuit court. He then tendered a proposed decree which provided that he should assign his vendee's interest to defendant, and thereupon she should pay plaintiff all sums theretofore paid on the contract purchase price regardless of whether payments were made to defendant or her predecessors, and also regardless of whether they were made by plaintiff or the prior vendees through whom he holds. The circuit judge refused to enter the proposed decree; and, without amending his bill of complaint or amplifying the proof in the case, plaintiff appealed. As stated above, the record before us is not sufficient for an adjudication of the equities incident to cancellation and an accounting. Without definitely so holding, it may well be questioned whether the necessary parties defendant are before the court to enable plaintiff to secure a full accounting.

To avoid a possible inequitable result, plaintiff will be given the option of filing in the circuit court in chancery, within 30 days after decision herein, a bill for cancellation and accounting against proper parties defendant, or of instituting a suit at law to recover any damages he may have sustained. In default of plaintiff instituting either of such pro-

ceedings, a decree will be entered herein in accordance with the original opinion; but in the event plaintiff exercises the option of instituting further proceedings in the circuit court, a decree will be entered in the instant case dismissing plaintiff's bill of complaint, with costs of this court to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.