WORSHAM v. McCALL.

1. SPECIFIC PERFORMANCE—MATTER OF GRACE RATHER THAN OF RIGHT.

Remedy of specific performance is matter of grace rather than of right, and whether specific performance will be granted is determined by peculiar circumstances of each case.

2. SAME—MAY NOT ARBITRARILY BE REFUSED—NOT GRANTED WHERE INEQUITABLE.

While specific performance may not arbitrarily be refused, it will not be decreed where so doing would be unjust or inequitable.

3. VENDOR AND PURCHASER—FORFEITURE—SPECIFIC PERFORMANCE—EQUITY.

Although original vendors agreed to gravel streets and lay sidewalks at their own expense in subdivision containing 337 lots, but failed to do so, it would be inequitable to require owner of vendor's interest in one lot to gravel streets and lay sidewalks in whole subdivision as condition precedent to exercising right of forfeiture on vendee's default in payment; laying sidewalk and graveling street in front of vendee's lot being all that could equitably be required.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 17, 1932. (Docket No. 25, Calendar No. 35,944.) Decided September 16, 1932. Decided on rehearing March 2, 1933.

Bill by Thomas S. Worsham against Anna McCall for specific performance of a land contract. Bill dismissed conditionally. Plaintiff appeals. Affirmed. Affirmed conditionally on rehearing (262 Mich. 154).

*Lindley & Delaney,* for plaintiff.

*Edward J. Fallon* (*Abraham Satovsky,* of counsel), for defendant.

On discretion of court as to specific performance, see annotation in 28 L. R. A. (N. S.) 687; 65 A. L. R. 7.

On right to specific performance where result would be inequitable or involves hardship, see annotation in 65 A. L. R. 57.

North, J.  Plaintiff by intervening assignments became, on October 16, 1926, the holder of the vendee's interest in a land contract covering lot 105 of the Southfield Villas subdivision in the township of Southfield, Oakland county.  He failed to meet the accruing monthly payments, and on September 3, 1929, defendant, who through *mesne* assignments and conveyances had become the holder of the vendor's interest in this lot, served notice of forfeiture. Thereupon plaintiff filed this bill of complaint and prayed that defendant specifically perform the contract vendor's agreement to lay sidewalks and gravel the streets in this subdivision; and also that defendant be restrained "from proceeding to fore-closure" pending this suit.  From a decree dismissing his bill of complaint, plaintiff has appealed.  The original contract provided:

"The sellers hereby agree to put in sidewalks and gravel the streets, at its own expense.   *   *   *

"The covenants, conditions and agreements herein contained shall be for the benefit of and binding upon the several parties hereto and their respective heirs, legal representatives, successors and assigns as hereinbefore provided."

The assignment of the vendor's interest under which defendant holds contains the following:

"Said assignee covenants to perform the obligations of the seller in said contract, the lands therein described having been this day conveyed to the assignee by deed of even date."

The streets of the subdivision were not graveled and the walks were not laid.  It is appellant's contention that defendant should not be permitted to forfeit the contract while there is default on the part of the vendor in performing that portion of the con-

tract requiring the vendor "to put in sidewalks and gravel the streets."

The remedy of specific performance is a matter of grace rather than of right. *Mowat* v. *Walsh,* 236 Mich. 391. Whether or not specific performance will be granted is determined by the peculiar circumstances of each case. *Farrell* v. *Hannan Real Estate Exchange,* 251 Mich. 669. It may not be arbitrarily refused (*Gregor* v. *Olde,* 218 Mich. 187); but it will not be decreed where so doing would be unjust or inequitable. *Brear* v. *Baumgartner,* 249 Mich. 633.

In the instant case is plaintiff equitably entitled to specific performance? The original vendor is not a party to this suit. Defendant's only interest in this subdivision is that of vendor of the one lot here in suit. There is a total of 337 lots in the whole subdivision, and the total length of streets exceeds one and a half miles. It requires no argument to demonstrate how preposterously inequitable it would be to require defendant because of her interest in a single lot to gravel the streets and lay the sidewalks in this whole subdivision as a condition precedent to exercising her right of forfeiture in the event of plaintiff's failure to pay the small amount due and unpaid on his contract.

As a condition of decreeing dissolution of the injunction, the circuit court required defendant to lay the sidewalk and gravel the street in front of plaintiff's lot. While this by no means is full compliance with the undertaking of the original vendor, we think it is all that could be equitably required of defendant.

The decree entered in the circuit court is affirmed, with costs to appellee.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.