MATTHEWS *v.* PLYMOUTH COMMUNITY HOTEL CO.

1. SPECIFIC PERFORMANCE—DISCRETION OF COURT—MUTUALITY—REMEDY.
   · Specific performance of contracts is a matter within the sound discretion of the court but there must be mutuality with respect to the remedy as well as of obligation.

2. SAME—LANDLORD AND TENANT—RENEWAL COVENANT IN LEASE.
   Lessee is not entitled to specific performance of renewal covenant in lease where specific performance could not have been enforced against him had he abandoned premises.

Appeal from Wayne; Chenot (James E.), J. Submitted October 3, 1933. (Docket No. 6, Calendar No. 37,266.) Decided December 5, 1933.

Bill by William J. Matthews against Plymouth Community Hotel Company, a Michigan corporation, for quiet enjoyment under renewal covenant of a lease and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*William S. McDowell*, for plaintiff.

*John L. Crandell*, for defendant.

SHARPE, J. For some time prior to the month of March, 1929, the plaintiff was engaged in the restaurant business in the village of Plymouth, across the street from the Mayflower Hotel, owned and operated by the defendant company. On the 25th day of that month a written agreement was executed by the parties, whereby the defendant leased to the plaintiff the dining room, coffee shoppe and kitchen, and the equipment thereof, for the term of three years, beginning on April 1, 1929. The plaintiff agreed to pay therefor a certain percentage upon his gross receipts for each month. It contained a provision that the plaintiff might renew it for two years by giving the defendant a notice in writing of his intention to do so 45 days prior to its expiration, and it is undisputed that such a notice was given. On March 26, 1932, the defendant gave plaintiff a notice that the lease would be terminated on March 31, 1932, the reason given therefor being—

"that the dining room service furnished under your agreement is not, and has not been, of the quality and character contemplated by the agreement."

On March 31, 1932, the plaintiff filed the bill of complaint herein, setting up the terms of the agreement and his rights thereunder, and that he had given the notice above referred to and received the one from the defendant. In his prayer for relief he asked that the defendant be enjoined from interfering with his peaceful possession of the premises and from taking possession or attempting to take possession thereof and that the lease be declared to be in full force and effect until March 31, 1934.

Other pleadings were filed and orders made, from which it appears that the defendant was in possession at the time of the hearing. The trial court entered a decree dismissing the bill, from which the plaintiff has taken this appeal.

The issue presented, as stated by his counsel in his brief, is whether the trial court should have decreed specific performance of the contract under which he claimed the right to possession.

It is apparent that plaintiff is not entitled to this relief. In the early case of *Smith* v. *Lawrence,* 15 Mich. 499, 501, it was said:·

"The specific performance of contracts must always rest in the sound discretion of the court, to be decreed or not as shall seem just and equitable under the peculiar circumstances of each case."

The rule thus stated has become the fixed law in this State. Later cases so holding are *Waller* v. *Lieberman,* 214 Mich. 428; *Brear* v. *Baumgartner,* 249 Mich. 633; *Farrell* v. *Hannan Real Estate Exchange,* 251 Mich. 669; *Worsham* v. *McCall,* 259 Mich. 630.

Under the terms of the agreement, or so-called lease, had the plaintiff abandoned the premises, the defendant could not have enforced specific performance on his part.

In *Buck* v. *Smith*, 29 Mich. 166 (18 Am. Rep. 84), this court held (syllabus):

"Equity will not enforce specific performance of a contract upon one side where the duties to be performed on the other side are such as to be incapable of being specifically enforced."

There must be "a mutuality of remedies as well as of obligations." *Heth* v. *Smith*, 175 Mich. 328, 338. See, also, *Gannon* v. *Stansfield*, 216 Mich. 440; *Harmon* v. *Muirhead*, 247 Mich. 614; *Bame* v. *Bame*, 250 Mich. 515.

The decree is affirmed, with costs to defendant.

McDONALD, C. J., and WEADOCK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.