UNION GUARDIAN TRUST CO. *v.* LUNDY.

SAME *v.* KANE.

1. APPEAL AND ERROR—REHEARINGS—DISCRETION OF COURT.
   The granting of a rehearing is a matter of discretion.

2. SAME—REHEARINGS—ABUSE OF DISCRETION.
   Application for a rehearing, made after claim of appeal had been filed and discovery of missing assignment of vendor's interest in land contract *held*, properly denied where in suit to foreclose land contract, bill was filed November 2, 1933, ready for trial præcipe January 8, 1934, cause assigned for trial January 16, 1935, in county having 18 circuit judges, and bill was dismissed because of plaintiff's failure to produce essential documentary proofs.

3. VENDOR AND PURCHASER—FORECLOSURE—EVIDENCE.

In suit to foreclose land contract by plaintiff, its right to a decree must be evidenced by documentary proof where vendor had parted with all its title.

4. SAME—COVENANTS—SUBDIVISIONS—IMPROVEMENTS—EQUITY.

In suit to foreclose subdivider's land contract for failure to make payment, plaintiff *held*, not entitled to decree where evidence shows that streets were not cinderized nor shade trees planted as covenanted by vendor and vendee had promptly notified vendor that refusal to make further payments was because of vendor's breach in such particulars.

5. SAME—SUBDIVISIONS—IMPROVEMENTS.

Under subdivider's land contract calling for installation of certain improvements, a court is without power to change the contract and compel the purchaser to accept less than the terms of the contract to his disadvantage.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 15, 1935. (Docket Nos. 84, 85, Calendar Nos. 38,550, 38,551.) Decided March 2, 1936.

Separate bills by Union Guardian Trust Company, a Michigan corporation, against David W. Lundy and wife and George E. Kane and wife to foreclose land contracts on lots in the same subdivision. Cases consolidated for trial and appeal. Decree for plaintiff as to defendants Lundy. Bill dismissed as to defendants Kane. Defendants Lundy and (in Kane case) plaintiff appeal. Reversed and bill dismissed as to defendants Lundy. Affirmed as to defendants Kane.

*Harry H. Platt,* for plaintiff.

*M. M. Larmonth,* for defendants.

BUSHNELL, J. The Lundy case is an action for foreclosure of a land contract to purchase lot 99 of Mount Royal Subdivision, Redford township, Wayne

county, and the Kane case is a similar action as to lot 162 in the same subdivision. The first contract was executed January 10, 1927, and the second, October 5, 1929. The respective causes were consolidated and heard as one case, coming here on one record.

July 24, 1928, the Six Mile Subdivision Company, then the owner of the two lots, conveyed property, including that in controversy, to the Union Trust Company, now Union Guardian Trust Company, as trustee, the terms of the trust being immaterial to this decision.

Both contracts were assigned by the original vendor, the subdivision company, to the trust company, but the Kane assignment was not produced at the time of trial. Hence, that case stood as being brought by one who had no interest in the property involved and plaintiff's bill was consequently dismissed, February 9, 1935. After the claim of appeal was filed February 28th, plaintiff sought a rehearing, having subsequently located the missing assignment. The trial court's denial of this motion is one of the grounds of appeal. The granting of a rehearing is a matter of discretion. *Kirn* v. *Ioor,* 266 Mich. 335. It was not an abuse of discretion to deny a rehearing in this instance. Plaintiff filed its bill of complaint November 2, 1933, and a ready for trial præcipe January 8, 1934. The cause was not assigned for trial until January 16, 1935. In Wayne county, where 18 circuit judges are in constant session, litigants should be ready for trial, at least, following their own formal statement of readiness. If necessary documentary proofs cannot be produced at the time of trial, the fault is that of litigants and they should not expect the courts to relieve them from their own unpreparedness.

The Kane contract was executed in 1929 by a vendor who had parted with all its title more than a year previously and the documentary proof of plaintiff's right to a decree was indispensable.

The Kane decree should be affirmed.

The Lundy contract, executed on January 10, 1927, provided for monthly payments of $12 each and that "the entire purchase money and interest should be paid within five years," etc. Payments were made by the Lundys until March 21, 1930, and according to the terms of the contract, the entire balance was due when suit was commenced.

The vendor's covenant with respect to improvements is expressed in the following language:

"Purchase price includes graded and cinderized streets, shade trees, cement walks to be incorporated on or before November, 1928."

The time element in the contract was waived by all the parties in their briefs.

Defendant Lundy visited the property in 1930 and then wrote the president of the Six Mile Subdivision Company as follows:

"I was in Detroit about a week ago and looked over lots No. 99 and No. 100 in Mount Royal Subdivision and will say that you people have not fulfilled your part of the agreement, which was to be done on or before November, 1928.

"When you have fulfilled your part of the contract notify me and I will go down and look over the property and will take care of my past-due payments. I do not intend to pay any interest on the past-due payments nor any more money until such time as you have fulfilled your end of the contract.

"I do not intend to let you close me out on my interest in the property when you have not fulfilled your agreement.

"Kindly let me know when you have taken care of this matter and I will go to Detroit, look over the property and take care of the balance of my contract."

Defendant Lundy testified that he visited the subdivision again just before the trial in the circuit court in January of 1935. We quote from his testimony:

"There are no cinders on Five Points road, just crushed rock. You would call it a one-track road. The rock may extend out 12 to 18 inches on each side of the wheel track of an automobile. * * * Back in 1930 there were cinders on Brady street. A very light coating which broke through into the sand when I drove over it. It was not what you would call a cinderized street. The streets were all graded. The cross streets had been graded at one time. It showed cinders. The subdivision has a hill, apparently running the full length of the subdivision which is a great deal higher than the sidewalks are. Going off Brady and also Five Points road, you immediately start up a hill, and as you leave the sidewalk on each one of these streets you can notice cinders there, but if you go part way on the middle of the road you cannot notice the cinders, they are out of sight in the sand. * * * I wrote two letters; one was to Mr. Fitchett and one to the trust company. * * * I never got notice from them that they had put in the improvements, that I recall. I find they are not in at the present."

Fitchett, president of the subdivision company, testified:

"The permanent grading, cinderizing and all the improvements were put in between 1928 and 1930."

He admitted that no shade trees were planted on Five Points road and did not know the width to which the streets were cinderized.

Plaintiff produced the trust company officer who had charge of the property but his knowledge of the extent of the improvements was limited to hearsay testimony. Plaintiff's surveyor, who examined the property in 1929, 1930 and 1933, stated on cross-examination that the cinders on Brady street were 9 to 10 feet wide; the crushed stone on Five Points road was at least 8 feet wide. He said:

"I drove over it with a car. It was a little wider than a car track. If two cars were to pass one another, I imagine they would run off the cinders."

Defendant Lundy testified on cross-examination:

"As you drive down Five Points road there is some brush or a sort of a fence corner with some woven wire that is there yet, and instead of clearing that out in the street, they went around that with the crushed rock instead of going straight through."

The trial judge said in his opinion:

"It appears in this case that there was a failure to plant shade trees in the front of the lots known as business lots in the subdivision. It is established by the testimony also that other improvements were not in at the time stipulated in the contract, but were put in at a later time."

In view of the testimony herein referred to, we cannot agree with the findings of the trial judge that the vendor has performed the covenants of the contract as to improvements.

As said in *Worsham* v. *McCall,* 262 Mich. 154, defendant's contract calls for certain improvements in the subdivision, and "to require him to accept less is to change the terms of his contract to his disadvantage. This the court does not have power to do."

It cannot be said that defendant Lundy failed to act promptly as was the situation disclosed in the re-

cent rescission case of *Schnitz* v. *Grand River Avenue Development Co.*, 271 Mich. 253.

The Lundy decree is therefore set aside and a decree will be entered here dismissing plaintiff's bill, with costs to appellants.

The Kane decree is affirmed, with costs.

North, C. J., and Fead, Wiest, Butzel, Edward M. Sharpe, and Potter, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.