## DURHAM v. DURHAM.

1. DIVORCE—REHEARING—DISCRETION OF COURT.

   The granting of a rehearing in a suit for divorce is very largely within the discretion of the trial judge.

2. SAME—REHEARING—AFFIDAVITS—TESTIMONY.

   No error was committed by trial court in granting a rehearing in a suit for divorce upon consideration of plaintiff's affidavit supporting her petition for rehearing and testimony of defendant taken in open court.

3. SAME—REHEARING—EVIDENCE OF PRIOR MISCONDUCT—CONDONATION.

   Admission of testimony of acts of extreme and repeated cruelty by defendant, committed by him prior to alleged condonation, were properly admitted on rehearing in view of showing made that subsequent to the reconciliation defendant's misconduct was of the same general character as his former alleged misconduct and raised the inference that he did not act in good faith incident to the asserted reconciliation and condonation.

4. SAME—CONDONATION—NONREPETITION OF PREVIOUS MISCONDUCT.

   Condonation, implying forgiveness for offensive misconduct, is conditional on the nonrepetition of such conduct.

5. SAME—EXTREME CRUELTY—EVIDENCE.

   Evidence of abusive conduct and vile language used by defendant husband toward plaintiff wife and her relatives, subsequent to alleged reconciliation, *held*, sufficient to justify granting her decree of divorce.

Appeal from Kent; Souter (Dale), J. Submitted October 2, 1951. (Docket No. 3, Calendar No. 45,169.) Decided December 3, 1951.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation § 423; 39 Am Jur, New Trial § 201.
[4, 5] 17 Am Jur, Divorce and Separation § 197.

Bill by Nila M. Durham against Millard D. Durham for separate maintenance. Cross bill by defendant against plaintiff for absolute divorce. Cross bill withdrawn and bill amended to pray for absolute divorce. Decree granted plaintiff on supplemental bill after rehearing. Defendant appeals. Affirmed.

*Stuart Hoffius,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal (Robert B. Linsey,* of counsel), for defendant.

North, J.  On October 5, 1949, plaintiff filed a bill for separate maintenance. Defendant answered and filed a cross bill, which was answered by plaintiff, but later (February 23, 1950) by stipulation the cross bill was withdrawn. On that date plaintiff filed an amended bill in which she prayed for an absolute divorce. Defendant answered. A somewhat lengthy hearing in the circuit court was had. A decree was filed April 14, 1950, dismissing both the bill of complaint and the amended bill.

On April 28, 1950, the circuit judge heard plaintiff's petition for a rehearing, based at least in part on plaintiff's claim of newly-discovered evidence which she asserted would show that defendant had admitted he testified falsely on the original hearing. On testimony taken the circuit judge ordered a rehearing May 5, 1950. Four days later (May 9, 1950) plaintiff filed a "Supplemental and amended bill of complaint" and again prayed for a divorce from the bonds of matrimony. Defendant answered. Again on July 6, 1950, plaintiff filed a further supplemental bill, to which defendant made answer. A rehearing was had, the record of which, including a concise finding by the circuit judge, covers 127 pages of the printed record on this appeal. There was the usual conflict in testimony in behalf of the respective par-

ties. On the ground of extreme and repeated cruelty the circuit judge granted plaintiff a decree of divorce which became effective February 10, 1951. (See CL 1948, § 552.9 [Stat Ann 1949 Cum Supp § 25.89]). Defendant has appealed.

These parties were married in June, 1931. The bill alleges they lived and cohabited together as husband and wife until on or about October 5, 1949, at which time the bill of complaint was filed. Seemingly there was a previous separation which lasted only a short time. They have an adopted child, Marilyn Joyce Durham, born February 28, 1948. At the time the decree of divorce was granted this child was about 2½ years of age and custody was given to plaintiff. In the original bill of complaint filed by plaintiff, as amended, numerous acts of extreme and repeated cruelty were charged and testimony was given relative to the same; and again in the finally amended bill and the supplemental bills charges of like character were made. It would serve no purpose to repeat them here in detail, and in a general and limited way defendant's type of misconduct appears in the final opinion of the trial judge, which we hereinafter quote in part. On the rehearing the trial judge found ample proof of extreme and repeated cruelty which he decided justified granting plaintiff a decree of divorce.

We are not in accord with appellant's contention that the trial judge erred "in not dismissing plaintiff's supplemental and amended bill of complaint and second supplemental bill of complaint," nor with appellant's further contention that the trial court erred "in granting plaintiff's motion for rehearing." The law is well settled that granting a rehearing is very largely within the discretion of the trial judge. *Union Guardian Trust Co.* v. *Lundy*, 274 Mich 487; *Chapin* v. *Cullis*, 299 Mich 101, 108. Further, in the instant case, in addition to affidavits

supporting plaintiff's petition, testimony of defendant was taken in open court. The trial judge saw and heard the witness, and upon consideration of the showing made granted a rehearing. In doing so there was no error.

Nor did the circuit judge err at the rehearing in permitting testimony to be taken as to defendant's misconduct prior to a reconciliation in the latter part of 1948, incident to which defendant asserts condonation. At the rehearing the trial judge permitted the taking of such testimony subject to objection repeatedly made by defendant's counsel. But from the testimony as a whole it became evident that acts of extreme and repeated cruelty upon which plaintiff in part relied and which occurred subsequently to the reconciliation, were of the same character as defendant's misconduct in that respect which plaintiff had alleged in her bill of complaint, and as to which testimony was taken at the first hearing. The repetition of defendant's misconduct was not only of the same general character as his former alleged misconduct, but was so continuously indulged in subsequently to the reconciliation that the inference is clearly justifiable that defendant did not act in good faith incident to the reconciliation and condonation asserted by him. Under the circumstances it was not error to take the testimony at the rehearing of this case of such earlier acts of extreme and repeated cruelty.

"Condonation, implying forgiveness for offensive conduct, is conditional on the nonrepetition of such conduct. * * * The fact that appellee continued to live with appellant in the marital relation, apparently in the hope that the parties might avoid a final separation, was not a bar to the granting of relief to him. *Tackaberry* v. *Tackaberry,* 101 Mich 102; *Austin* v. *Austin,* 172 Mich 620." *Bohlka* v. *Bohlka,* 318 Mich 468, 473.

As indicating in part the character and proof of the extreme and repeated cruelty alleged and relied upon by plaintiff, the following is quoted from the opinion filed by the circuit judge in accord with which he granted plaintiff the decree of divorce from which defendant has appealed:

"This matter is before the court on a petition for rehearing. The rehearing was granted for the reasons stated. I will not again state them, but one of the chief reasons, the basic reason why this rehearing was granted was the affidavit which concerned the incident at the home in which he (defendant) admitted he had testified falsely at the time of the original trial. It was a close case. It did depend a lot upon the truth and veracity of the witnesses, but a decree is going to be granted to the plaintiff in this case because I am satisfied that his conduct in respect to his attitude towards his wife, striking her, abusing her, vile language, I am satisfied it was the truth and the whole truth. It was shown by his attitude on the witness stand, his entire conduct through this case.   *   *   *   He was just doing anything and everything to devil her, and then expecting her to like it, so the conduct after the reconciliation continued, that is, such conduct of which she complained at the time she filed her bill of complaint. It did continue so far as the abuse of his wife was concerned.   *   *   *   But there have been so many little instances brought into this case which I have mentioned which satisfies the court that a decree should be granted to the plaintiff, based upon his abuse, physical abuse, vile language towards the wife, towards her relatives.   *   *   *   At the time of the original trial I thought he sincerely did want to get his wife back, but again I say, for a man that wanted to get his wife to come back to him, his conduct was most unusual. His conduct was vicious, so a decree will be granted to the plaintiff, based upon the bill of complaint, and amended bill of complaint,

or supplemental bills of complaint which brought the charges down to date."

The decree of divorce granted to plaintiff is affirmed, with costs.

REID, C. J., and BOYLES, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.