# JANUARY TERM, 1953.*

## REED *v.* VANDER ZALM.

1. SPECIFIC PERFORMANCE—ORAL LAND CONTRACT—BURDEN OF PROOF—EVIDENCE—PERFORMANCE.

   The burden of proof in a suit for specific performance of an oral land contract is on the plaintiffs to establish by clear and satisfactory evidence that the contract was made as claimed by them and that there were such acts of performance on their part, under the contract, as fairly entitled them to the remedy of specific performance.

2. SAME—ORAL LAND CONTRACT—EVIDENCE.

   A case for specific performance of an oral land contract is not made out whenever it appears that material matters are not clear, certain, and complete, but are left by the parties so obscure or undefined that the court cannot say whether or not the minds of the parties met upon all the essential particulars, or if they did, the court cannot say exactly upon what substantial terms they agreed.

3. SAME—NEW CONTRACT.

   Equity cannot make a new contract for the parties in a suit for specific performance of an oral land contract nor supply any material stipulation thereof.

4. HUSBAND AND WIFE—LAND CONTRACT—AGREEMENT OF WIVES—ADOPTION BY HUSBANDS.

   An agreement between wives of parties to alleged oral contract to convey land whereby the wives set the amount to be paid under the contract would not be binding upon their respective husbands in the absence of an adoption of the terms and conditions of the wives' agreement.

---

* Continued from Volume 335.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  49 Am Jur, Specific Performance § 167.
[2, 3, 5]  49 Am Jur, Specific Performance § 22 *et seq.*
[5]  2 Am Jur, Appeal and Error § 2; 3 Am Jur, Appeal and Error § 815.
[6]  49 Am Jur, Specific Performance § 28.
[7]  20 Am Jur, Evidence § 246.
[8]  3 Am Jur, Appeal and Error §§ 246 *et seq.,* 695; 19 Am Jur, Equity § 196.

5. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—EVIDENCE.

The Supreme Court must review all of the evidence in the record of a chancery case and come to its own conclusions as to what should be done in a chancery case, notwithstanding the fact that the trial judge who sees and hears the parties and their witnesses is ordinarily in a better position to determine the credibility of, and the weight to be accorded, their testimony which must be viewed with great caution, scrutinized closely and weighed and tested in the light of all circumstances disclosed by the record.

6. SPECIFIC PERFORMANCE—ORAL LAND CONTRACT—EVIDENCE.

Plaintiffs failed to establish terms of alleged oral land contract by clear and convincing proof, where there is serious doubt as to whether the cost of the house and lot, insurance and taxes were ever agreed upon between the parties.

7. SAME—ESTABLISHMENT OF ORAL LAND CONTRACT—EVIDENCE.

It was not error to sustain objection to question which, if answered, would not have aided in the establishment of an agreement between the parties, where the matter of establishment of such an agreement was the issue in the case. .

8. APPEAL AND ERROR—TRANSFER OF CAUSES—ORAL LAND CONTRACT—QUESTIONS REVIEWABLE—REASONS AND GROUNDS OF APPEAL.

Transfer of case for specific performance of an oral land contract from equity to law side of court is not authorized, where the matter was not brought to the attention of the trial court, was not mentioned in plaintiffs' reasons and grounds of appeal and facts do not warrant a transfer as plaintiff has failed to establish a contract for breach of which an action for damages could be prosecuted.

Appeal from Ingham; Coash (Louis E.), J. Submitted January 15, 1953. (Docket No. 69, Calendar No. 45,587.) Decided March 10, 1953. Rehearing denied April 16, 1953.

Bill by Richard W. Reed and wife against Theodore P. Vander Zalm and wife for specific performance of an alleged oral contract to convey land. Decree for defendants. Plaintiffs appeal. Affirmed.

*John Brattin,* for plaintiffs.

*S. Dewitt Rathbun (Pierce, Planck & Ramsey,* of counsel), for defendants.

SHARPE, J. This is a suit for specific performance of an alleged oral contract for the purchase of lot 30 of Hylewood subdivision, Lansing township, Ingham county, Michigan, and for a determination of the amount due defendants as a result of such sale.

In 1940, plaintiffs, Richard W. Reed and Ruby L. Reed, his wife, were residents of the city of Lansing. Defendant, Dr. Vander Zalm, was their family physician. At this time plaintiffs had 2 children and their living conditions were not entirely satisfactory. In August, 1940, plaintiff Richard W. Reed called on Dr. Vander Zalm to pay a bill. During this visit, Dr. Vander Zalm informed Reed that he had a vacant lot on Hylewood avenue and suggested that he build a 2-car garage house for them. Reed informed Dr. Vander Zalm that he was not interested, but the next time Reed saw Dr. Vander Zalm, the doctor suggested building a 4-room house, the cost of which would be between $2,200 and $2,500, plus the cost of the lot. Further arrangements were made whereby plaintiff Reed would excavate for the basement and help with the building of the house. On February 1, 1941, the house was completed and plaintiffs moved in. Plaintiffs made regular monthly payments of $25. In 1942, plaintiff Reed put in a cement floor in the basement. In 1943, he graded the lawn and planted shrubbery. In March or April of 1941, Dr. Vander Zalm was called to military service, and thereafter payments were made to Mrs. Vander Zalm. In May, 1945, plaintiff Reed was inducted into the military service. Thereafter, Mrs. Reed made payments to Mrs. Vander Zalm. In June, 1945, Mrs. Vander Zalm gave Mrs. Reed a paper on which payments were to be recorded. This paper reads as follows: "Theodore P. Vander Zalm and wife to

Richard W. Reed and wife, dated June 26, 1945, consideration $3,000, interest 6 per cent." The first entry reads: "Principal $3,000, date of payment, June 26, 1945, $25, balance at interest, $2,975." The last entry shows: "Payment January 1, 1951, $50, balance at interest $2,774.90, interest to February 1, 1951, $13.86, amount $2,788.76." This paper was not signed by plaintiff Reed, or defendant Dr. Vander Zalm.

When plaintiff Richard W. Reed returned from the army he continued to make the usual $25 monthly payments. In January, 1951, plaintiffs moved to Royal Oak. He later rented the property for $50 per month. On or about February 1, 1951, defendants returned the monthly check of $25 to plaintiffs and refused to accept any more payments, whereupon plaintiffs began the instant suit. It is the claim of plaintiffs that in 1940, they entered into an oral agreement with Dr. Vander Zalm, wherein Dr. Vander Zalm, the owner of a vacant lot, agreed to pay for the materials and labor in the erection of a 4-room house, with Richard W. Reed doing the excavation and such other work that he could do; that the cost of the house, not including the lot, was estimated at between $2,200 and $2,500, and that plaintiffs were to pay the sum of $25 per month until the contract price of the house was reduced in the amount of $250; that plaintiffs moved into the house and made certain improvements and repairs, the cost of which, including labor and materials exceeded the sum of $1,500; that on June 26, 1945, plaintiff Ruby L. Reed entered into an agreement with defendant Emma Vander Zalm, whereby the price of the property was fixed and determined in the amount of $3,000, payable at the rate of $25 per month; that when plaintiff Richard W. Reed and defendant Theodore P. Vander Zalm returned from the military

service, the payments were continued until such time as defendants refused to accept them.

Plaintiffs also urge that when they received the payment sheet and payments noted thereon, it was and should be construed as a land contract with the principal amount in the sum of $3,000, payable at the rate of $25 per month, with interest at the rate of 6%. It is the claim of defendants that plaintiffs paid rent for the premises; that although there had been some discussion about a contract, none of the terms of a contract were ever agreed upon. The cause came on for trial and at its conclusion, the trial court entered a decree dismissing plaintiffs' bill of complaint. In an opinion filed, the court stated:

"The defendant Doctor Vander Zalm testified that there was some discussion between he and plaintiff Richard Reed in 1940 about the building of the house. He testified that he furnished all of the money necessary for the erection of the house. He also testified that he told plaintiff Richard W. Reed that eventually it would be their house or that he would sell it to them. He further testified that he did not discuss with the plaintiffs the price that the house was to cost, but that he would in the future sell the house to the plaintiffs at a price to be agreed upon and that if the plaintiffs helped in the construction of the house that the cost would be lower. There is also testimony on the part of both the plaintiff Richard W. Reed and the defendant Doctor Vander Zalm that neither ever discussed the amount that was to be charged for the lot upon which the house was built. Defendant Doctor Vander Zalm testified further that it was his understanding that he and his wife would not give a contract to the plaintiffs for the sale of the house until 10% of the cost of the house had been paid by the plaintiffs. The partial payment sheet, exhibit No 1, shows a balance of $2,788.76. He also testified that all taxes and insurance on the premises were to be paid by the plaintiffs. The proofs show

that the plaintiffs never paid any of the taxes or the insurance on the building. There were also several assessments levied on the property which were paid by the defendants.     *     *     *

"At the trial of this cause plaintiff Richard W. Reed testified that it is his understanding that the house would cost from $2,200 to $2,500. He also stated that there was no agreement between he and the defendant as to who was to pay the taxes or keep up the insurance on the property. Plaintiff Richard W. Reed also testified that he had never insured the house against loss by fire or in any other way. He also testified that the amount of the purchase price of the house was never established at the time that the deal was started or at any time thereafter. He also testified that he could not remember how defendant Doctor Vander Zalm said the price was to be established. The proofs do not show that any formula or agreement was entered into as to how this price was to be set and that no price was ever set on the value of the lot. The defendants also testified they never agreed on any price that the house was to be sold to the plaintiffs. Defendant Doctor Vander Zalm testified that the parties were to decide in the future as to the price of the house and the terms of a contract that might be entered into.
*     *     *

"In the instant case this court cannot find where the plaintiffs are entitled to a decree for the specific performance of the alleged contract. This court cannot find that the plaintiffs have established by clear, satisfactory and convincing proof, the terms of any agreement between the parties. At the trial of this cause there was testimony and exhibits introduced by the plaintiffs which would tend to show that the established price was $3,000. There is no proof in the record that the plaintiff Richard Reed ever agreed to purchase the premises at this price. On the other hand, the defendant Theodore Vander Zalm testified that he never quoted a price to the plaintiff at which the house could be purchased. He further

testified that the parties were to decide in the future on a contract and at a price to be agreed upon between them. He also testified that the plaintiffs were to keep up all insurance and pay all taxes on the premises, which they failed to do.  *  *  *

"The fact that a payment sheet was made out showing the word principal in the amount of $3,000 would not constitute the making of an agreement binding upon all of the parties. There is no proof in the record that plaintiff Richard Reed ever consented or agreed that the purchase price was $3,000, as shown on the payment sheet. At the time the payment sheet was made out both plaintiff Richard W. Reed and defendant Doctor Vander Zalm were in the armed services and the payment sheet was made out by Mrs. Vander Zalm and given to Mrs. Reed. The record does not indicate that upon their return from service that they ever discussed the price of $3,000, as being an agreed price.

"The parties may have contemplated that the premises were to be sold to the plaintiffs on a land contract at some future date, but the record does not indicate that the terms and conditions of that contract were agreed upon between the parties. This court finds that the plaintiffs have failed to establish by convincing proof and by a preponderance of the evidence the terms and conditions of the alleged contract which they claim was entered into between the plaintiffs and the defendants."

In all cases of specific performance, the burden of proof is on plaintiffs to establish by clear and satisfactory evidence, first, that the contract was made as claimed by them, and, second, that there were such acts of performance on their part, under the contract, as fairly entitled them to the remedy of specific performance. See *Bame* v. *Bame,* 250 Mich 515; *Hornbeck* v. *Midwest Realty, Inc.,* 287 Mich 230; *Eicholtz* v. *Grunewald,* 313 Mich 666; *Daugherty* v. *Poppen,* 316 Mich 430.

In *Steketee* v. *Steketee*, 317 Mich 100, 105, we said:

"In order that courts may specifically enforce an oral agreement to convey property, plaintiff must establish by clear, satisfactory and convincing proof the terms of such agreement."

In *Czeizler* v. *Radke*, 309 Mich 349, 357, we quoted with approval from *Blanchard* v. *Detroit, L. & L. M. R. Co.*, 31 Mich 43, 53 (18 Am Rep 142), as follows:

"The jurisdiction of equity in specific performance proceeds on the supposition that the parties have not only agreed, as between themselves, upon every material matter, but that the matters so agreed on are of such a nature, and the subjects of enforcement so delineated or indicated, either directly or by reference to something else, or so raised to view by legitimate implication, that the court can and may collect, and in their proper relations, all the essential elements, and proceed intelligently and practically in carrying into execution the very things agreed on and standing to be performed."

We also quoted with approval from 49 Am Jur, pp 35, 36, § 22, as follows:

"Whenever it appears that material matters are not clear, certain, and complete, but are left by the parties so obscure or undefined that the court cannot say whether or not the minds of the parties met upon all the essential particulars, or if they did, the court cannot say exactly upon what substantial terms they agreed, the case is not one for specific performance. Equity cannot make a new contract for the parties, but must enforce the contract according to its terms or not at all; the court will not make a contract for the parties or supply any material stipulation thereof."

In the case at bar it is undisputed that defendants were the owners of the lot in question; that in 1940, plaintiff Richard W. Reed and defendant Theodore

P. Vander Zalm entered into some agreement relative to the erection of a dwelling on the premises, whereby defendant Theodore P. Vander Zalm was to furnish and pay for the labor and materials that went into the erection of the house, except that plaintiff Richard W. Reed was to perform some of the labor. The trial court determined that plaintiffs failed to establish by clear, satisfactory and convincing proof the terms of the agreement, if any, between the parties. It is clearly established that when the parties first discussed the erection of the house, there was no discussion as to the cost of the lot. The only amounts mentioned was that the cost of the house would be between $2,200 and $2,500. The $3,000 amount first came into existence when Mrs. Reed and Mrs. Vander Zalm made some agreement represented by the payment sheet. Such an agreement would not be binding on plaintiff Richard W. Reed or defendant Dr. Theodore P. Vander Zalm, in the absence of an adoption of its terms and conditions. We cannot determine upon what substantial terms they agreed upon. There is a serious doubt as to whether the cost of the house and lot, insurance and taxes were ever agreed upon between the parties. In *McDonald* v. *Scheifler,* 323 Mich 117, 125, we said:

"We have repeatedly said that the trial judge who sees and hears the parties and their witnesses is ordinarily in a better position to determine the credibility of, and the weight to be accorded, their testimony than we who read the record and do not see the witnesses, but in chancery cases we are not relieved of the responsibility of reviewing all the evidence and coming to our own conclusion as to what should be done in each cause. In doing so we are not unmindful that the testimony of witnesses must be viewed with great caution, scrutinized closely, and weighed and tested in the light of all circumstances disclosed by the record."

Our examination of the record convinces us that plaintiffs did not establish by clear and convincing proof the terms of the agreement and, in that respect, we affirm the finding of the trial court.

Plaintiffs urge that the court was in error in sustaining the objection to the following question:

"*Q.* Now, Mrs. Vander Zalm, will you please answer this question yes or no? As far as you are concerned, personally, I am not speaking of the Doctor, are you satisfied if the Doctor receives or if you receive a fair interest rate upon the Doctor's investment, together with the taxes and whatever moneys he has put in this place?"

The court was not in error in sustaining the objection. The issue in this case was whether the parties had entered into an agreement for the sale of the house that would be binding on all parties. The question, if answered, would not have aided in the establishment of the agreement. Plaintiffs also request that if the dismissal of their bill of complaint is affirmed that they be permitted to transfer their action to the law side of the court to bring an action for damages. This matter was not brought to the attention of the trial court, is not mentioned in plaintiffs' reasons and grounds for appeal, moreover an action for damages for breach of contract requires the establishment of a contract which plaintiffs have failed to do. The facts in this case do not warrant a transfer to the law side of the court.

The decree is affirmed, with costs to defendants.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.