### George Bennett v. Amanda A. Bennett.

*Divorce: Bill: Adultery: Evidence.* A decree of divorce on a bill which contains but one charge of adultery sufficiently specific to warrant any evidence on the subject, cannot be sustained on the ground of adultery, in the absence of any evidence tending to prove the specific charge alleged.

*Divorce: Extreme cruelty: Personal violence.* A decree of divorce cannot be sustained on the ground of extreme cruelty, upon evidence as to an act of personal violence not set up in the bill, where it appears that such act, if it occurred at all, was committed some months after the bill was filed.

BENNETT *v.* BENNETT.

*Neglecting to look after household affairs, etc.* Whether neglecting to look after her household affairs, leaving the house without cause and remaining absent for a considerable length of time, on the part of the wife, constitutes, in any case, that extreme cruelty which the statute contemplates as a ground of divorce:—*Quære ?*

But the slight degree of negligence about household affairs, and the very short periods of absence (consisting, for the most part, of brief visits of a few hours to her children by a former marriage, residing in the neighborhood) proved in this case, fall far short of such extreme cruelty.

*Divorce: Profane, obscene and insulting language: Extreme cruelty.* Profane, obscene and insulting language habitually indulged towards a person of a sensitive nature and refined feelings, may amount to extreme cruelty.—*Briggs v. Briggs, 20 Mich., 34;* but this, as a general rule, would be more readily recognized, when used by the husband to the wife, than when by the wife to the husband.

In this case, however, it does not appear that the complainant was a person of such sensitive nature and refined feelings as would be likely to be affected to the degree of extreme cruelty by any such language as the wife is shown to have used.

*Divorce: Threats to burn complainant's property.* A decree of divorce on a bill filed by the husband, cannot be sustained by proof of threats to burn his property, where the evidence does not indicate that they were made with any real intent to carry them into effect, or that he really believed the defendant had any serious intention of the kind.

*Heard April 10. Decided April 16.*

Appeal in Chancery from Lapeer Circuit.

*W. W. Stickney, Gaskill & Geer* and *George V. N. Lothrop,* for complainant.

*S. V. C. P. Thomas* and *J. M. Wattles,* for defendant.

CHRISTIANCY, CH. J.

This was a bill for divorce upon two grounds: *First,* of adultery; and *second,* of extreme cruelty.

It cannot, in our opinion, be sustained on the ground of adultery, for two reasons: *First,* there is but one charge of adultery in the bill sufficiently specific in time to warrant any evidence whatever as a ground of divorce; and that was on or about the 15th day of June, 1867 (without stating any place so as to identify the instance intended); and no evidence whatever was given, tending to prove this particular charge or any other instance of adultery during that year.

But, *second*, had the evidence which was given, tending to prove adultery in the summer of 1868 and the fall of 1869 (the last after the filing of the bill) been admissible, it still fails to satisfy us that the adultery was committed at all.

As to the charge of extreme cruelty, the most important act of cruelty upon which the complainant relies, is that defendant, on one occasion, struck complainant and knocked him out of his chair. But this is not stated in the bill, and the evidence shows that, if it happened at all, it was some months after the bill was filed.

The only charges of extreme cruelty in the bill are: *First*, neglecting to look after her household affairs, leaving the house without cause, and remaining absent for considerable lengths of time; *second*, using indecent, profane and obscene language to complainant; and *third*, threatening to burn his property.

As to the first class (of extreme cruelties), it is extremely doubtful whether any of them, on the part of the wife, could, in any case, constitute that extreme cruelty which the statute contemplates as a ground of divorce; but in the present case, at least, the slight degree of negligence about household affairs, and the very short periods of absence proved (which seem to have been mostly brief visits of a few hours to some of her children who resided in the neighborhood), fall so far short of such extreme cruelty as to render it merely ludicrous to consider them as amounting to cruelty in any form.

As to the second ground of extreme cruelty: profane, obscene and insulting language, habitually indulged towards a person of a sensitive nature and refined feelings, may, doubtless, in some cases, amount to extreme cruelty, as intimated in *Briggs v. Briggs, 20 Mich., 34.* But this, as a general rule, would be more readily recognized, when

used by the husband to the wife, than by the wife to the husband.

In the present case, we see no evidence that complainant was a person of such sensitive nature and refined feelings as would be likely to be affected to the degree of extreme cruelty by any such language as the wife is shown to have used. A man who habitually locks up his pork and his flour in his granary in the barn, and hides even his tea from his wife, who is expected to do his cooking and prepare his table, on suspicion that she might use them too freely or give them away to her children by a former marriage, and charges those children with stealing his blankets (when no evidence is shown warranting such charge or suspicions), as the complainant is shown by one of his own witnesses to have done in this case, cannot lay claim to a very high degree of susceptibility or refinement of feeling, and ought to expect an occasional tempest, and to make up his mind and prepare his nerves for a pretty large share of abusive language; and though this consideration will not justify some of the profane and indecent language claimed to have been used by the wife, it shows that his own feelings were proof against any thing of extreme cruelty to be inflicted by mere words.

Third, as to threats to burn complainant's property: the evidence does not indicate that they were made with any real intent to carry them into effect, or that he really believed she had any serious intention of the kind.

The real and the whole difficulty, as we infer from the evidence, grew up from the jealousy or suspicion he seems to have indulged (so far as the evidence shows, without justifiable cause) against her children by a former marriage, and her attachment to them, and his morbid apprehension lest they might in some way, by her aid, get hold of some of his pork, or tea, or blankets.

In any view we have been able to take of the evidence, we think it fails to establish any ground upon which a decree of divorce could safely be granted.

The decree of the circuit court in chancery must be reversed, and the bill dismissed with costs.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, J., did not sit in this case.