## LIETZAU v. LIETZAU.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.

On a bill for divorce, the evidence was sufficient to warrant a divorce in plaintiff's favor on the ground of extreme cruelty where the defendant wife refused to cohabit with the husband, tried to get his property away from him, and refused to provide meals for him and look after his comfort.

2. SAME—DISPOSITION OF PROPERTY.

A decree awarding the wife against whom the decree of divorce was rendered one-half of the property accumulated by them, including property which the husband owned at the time of marriage, was proper.

Appeal from Wayne; Cross, J., presiding. Submit-

ted June 22, 1917.    (Docket No. 126.)    Decided July 26, 1917.

Bill by Max Lietzau against Hedwig Lietzau for a divorce.  From a decree for plaintiff, defendant appeals.  Affirmed.

*Baubie & Baubie,* for plaintiff.

*William Henry Gallagher,* and *Francis T. McGann,* for defendant.

KUHN, C. J.  The plaintiff, who at the time was 43 years of age, upon August 21, 1893, married the defendant, 17 years of age.  He was a widower with four children living in and owning a small home on Mack avenue, in the city of Detroit, and the property stood in his name at the time of the hearing of this cause.  The defendant bore unto him two sons, Alfred and Walter, who were of the ages of 19 and 18 years respectively.  The defendant, when she came to the plaintiff, was without means or separate estate, and the parties lived together for about 20 years, during which time the plaintiff worked steadily as a brewer, turning his weekly wages over to the defendant regularly.  In 1906 they decided to invest in a new property and to erect a two-family flat thereon. The lot, which was on Pulford avenue, was selected by them both, and the plaintiff gave the defendant the money to make the first payment.  He also mortgaged his Mack avenue property for $1,000, which sum he gave to her, and it is his claim that it was agreed between them that this property should be held and owned by them jointly.  The defendant, who looked after the details of the purchase, had the deed made out in her name alone, and recorded the same and proceeded to erect a two-family flat on the lot, which, when completed, she looked after and collected the rent.

It is the claim of the plaintiff that he is unable to read English and speaks the language imperfectly, and that he tried on many occasions to find out whether his name was included in the deed, and was finally told by the defendant that the deed had been made in her name alone. Since that time the parties seem to have been in trouble and in litigation. Plaintiff filed a bill for divorce praying, among other things, that he be decreed his interest in the Pulford avenue property. This case was referred to the domestic relations court, which was then in existence. Judge Lacy, after hearing the case in January, 1914, refused to sign a decree for divorce, but did decree to the plaintiff an undivided one-half interest in the Pulford avenue property. The defendant shortly thereafter filed a bill of review, and succeeded in having the decree with reference to the property set aside. The plaintiff in the meantime had filed another bill for divorce, and immediately upon the decree of Judge Lacy having been set aside, also filed a separate bill to have his interest in the Pulford avenue property decreed to him. These two causes were consolidated, and were heard by Judge Cross sitting in the Wayne circuit court, who decreed a divorce for the plaintiff and ordered that the property standing in the names of the said parties or either of them, together with all the household fixtures, be divided between them, share and share alike. It is from this decree that the defendant appeals.

It is the claim of the plaintiff that when the parties went home after the domestic relations court hearing he endeavored again to live with the defendant, but that she refused to live with him unless he consented to have Judge Lacy's decree set aside and give her all of the Pulford avenue property. He testified that she refused to occupy his bed, and that they lived separately from that time on, he doing his own cooking,

and that she refused to care for him and her sons. We think it is unnecessary to further discuss the testimony or the facts sought to be established. It is the contention of the defendant that a decree should not be based upon a single refusal to cohabit, and, while we are not prepared to say that a decree should be granted if that were all the complaint in this case, nevertheless, on the entire record, considering the relations of the parties, her treatment of this man in trying to get his property away from him, refusing to provide proper meals for him and look after his comfort, constituted such a course of conduct, together with her refusal to live and cohabit with him, as to warrant the court in decreeing a divorce on the ground of extreme cruelty.

We are also of the opinion that the distribution of the property was exceedingly equitable and fair, and that the defendant had no reason to complain as by the decree she receives one-half of all the property accumulated by them, including the Mack avenue house which he had at the time of his marriage to her. The testimony was taken in open court, and we find nothing in this record to indicate that the conclusions of the circuit judge were not fully warranted and his decree a just one.

It is therefore affirmed, but without costs to either party.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.