## SIMON *v.* SIMON.

1. DIVORCE—FALSE ACCUSATION OF ADULTERY GROUND FOR DIVORCE.
   False accusations of adultery by a husband against his wife would entitle her to a decree of divorce.

2. SAME—ADULTERY—EVIDENCE—SUFFICIENCY.
   Testimony in behalf of defendant husband, on his cross-bill for a divorce, *held,* to sustain the charge that the wife had been guilty of adultery, entitling defendant to a decree.

On charge of adultery as grounds for divorce, see notes in 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360.

Appeal from Wayne; Perkins (Willis B.), J., presiding.    Submitted October 23, 1923.    (Docket No. 73.)    Decided December 19, 1923.

Bill by Julia Simon against Frank Simon for a divorce.    Defendant filed a cross-bill asking for a divorce.    From a decree for plaintiff, defendant appeals.    Reversed, and decree entered for defendant.

*Henry C. L. Forler*, for plaintiff.

*William Henry Gallagher* (*Edward J. Kelly*, of counsel), for defendant.

FELLOWS, J.    The parties to this divorce case formerly lived on a small farm a little distance out of Detroit.    At the solicitation of plaintiff they moved into the city where defendant has worked at common labor.    They have a modest home valued at from $4,000 to $6,000, the title to which is held by the entireties. Defendant's father furnished $1,200 that went into the home.    The parties have a bank account in their joint names.    In her bill of complaint plaintiff sets up numerous acts of defendant during their married life including the charge that he had falsely accused her of undue intimacy with a roomer in their home. Defendant by way of answer and cross-bill insisted that his charges with reference to her relations with the roomer were true and denied the other charges against him.    The trial judge was satisfied that there were no grounds for divorce anterior to the advent of the roomer in the home but found that defendant's accusations were without foundation and granted plaintiff a decree and gave her the home and furniture subject to a lien to defendant's father for the money he had put into the house; she was given the custody of the children and defendant was required to contribute to their support.    Defendant appeals.

We agree with the trial judge that the plaintiff

failed to make a case for divorce unless defendant's accusations with reference to the roomer were false. If these accusations were false plaintiff was entitled to a decree; if they were true defendant was entitled to a decree.     We are satisfied they were true.     We are more impressed with the testimony given by defendant than with that given by plaintiff, but if we should eliminate the testimony of both as we possibly should do, we can find no good reason for disbelieving the testimony given by defendant's father, a man past 80 years of age, supported as it is by the corroborative facts before us.     It would not profit the parties or the profession to detail the testimony.     A decree will be here entered for divorce on defendant's cross-bill. This will necessitate the settlement of a new decree in this court.     It will in addition to the decree for divorce embody the following provisions:

(1) A lien on the premises to Michael Simon for $1,200.     This provision of the decree of the court below is not questioned by either party.

(2) Subject to this lien the parties hold title to the home as tenants in common.

(3) Each of the parties shall have one-half the money deposited in the bank in their joint names.

(4) Plaintiff to have the household furniture.

(5) Plaintiff to have the custody of the minor children until they reach the age of 14.

(6) Defendant to contribute to the support of the minor children the amount named in the decree below.

(7) Defendant shall be permitted to see the children and have them with him once a week.

(8) The home shall be sold and the proceeds divided in accordance with the decree.

(9) No costs will be awarded to either party.

Upon the settlement of the decree the case will be remanded to the court below, where the provisions of the decree will be enforced.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.