## REEVES *v.* REEVES.

1. DIVORCE—INCOMPATABILITY.
   Mere incompatability is not a ground for divorce in this State.

2. SAME—EXTREME CRUELTY—REFUSAL OF MARITAL RELATIONS.
   Wife's refusal to have marital relations for a period of a year constitutes extreme cruelty justifying a decree of divorce to husband.

3. SAME—DE NOVO REVIEW—QUESTIONS OF FACT.
   The Supreme Court is not restricted by the findings of the circuit court in the *de novo* review of a divorce case but will not reverse the determination of the trial court on controverted issues of fact unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

4. SAME—COSTS.
   No costs are allowed on wife's appeal in suit for divorce, where decree is affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[2] 17 Am Jur, Divorce and Separation § 75.
[2] Refusal of sexual intercourse as grounds for divorce. 175 ALR 708.
   Avoidance of procreation of children as ground for divorce or annulment of marriage. 4 ALR2d 227.
[3] 3 Am Jur, Appeal and Error §§ 833, 858, 897.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 10, 1952. (Docket No. 43, Calendar No. 45,443.) Decided December 9, 1952.

Bill by Thomas Reeves against Lena Reeves for divorce on grounds of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Charles A. Bryan,* for defendant.

BOYLES, J. Plaintiff was granted a divorce from the defendant, who appeals. The only ground she advances for reversal is that the proofs do not establish sufficient grounds for divorce.

The parties were married in 1931, separated in 1947, and the bill was filed in 1949. Their only child, Joyce, is now nearly 18 years of age. The appellant is very religious. Her interests seem to be devoted almost entirely to her church, and in declining to indulge in what she terms "worldly" activities or recreation. For a number of years after their marriage the plaintiff also conformed to the same religious fervor and beliefs, but in recent years indulged in smoking tobacco, playing cards, attending shows and baseball games, and in infrequently taking an intoxicating drink but not to excess. It appears that after about 15 years of satisfactory connubial consortium they came to the place where each preferred to travel a different road. In the record before us, each party has endeavored by their testimony to bolster his or her efforts to convince the court that their differences of opinion as to the proper way of life should — or should not — be sufficient to amount to ground for divorce. In those efforts both parties have been willing to deviate somewhat slightly from

what may be the truth.   However, mere incompatibility is not a ground for divorce in this State.

The one undisputable ground for divorce on which the plaintiff relies is that the defendant for about a year before their separation refused to indulge in any marital relation "in the way of sex."   Plaintiff testified unqualifiedly as to the refusal, stating that the defendant considered it to be "too worldly."   The defendant with equal emphasis testified that it was not true.

In *Campbell* v. *Campbell,* 149 Mich 147 (119 Am St Rep 660), the Court said:

"Refusal of cohabitation has repeatedly been held to be a ground for divorce.   *Menzer* v. *Menzer,* 83 Mich 319 (21 Am St Rep 605) ; *Whitaker* v. *Whitaker,* 111 Mich 202."

See, also, *Case* v. *Case,* 159 Mich 491; *Lietzau* v. *Lietzau,* 197 Mich 395.

The trial judge in his opinion stated:

"The court, after hearing the testimony of the various witnesses, is of the opinion that the varied and sundry acts of extreme cruelty as alleged by the plaintiff have been proven and that the court might consider one fact alone to support that conclusion, the fact of the refusal to have any marital relations for a period of a year prior to their separation."

No one except the parties themselves testified as to whether the defendant had refused to cohabit with the plaintiff.   As to other less important matters, each showed a willingnes to be fair and truthful, but in several instances their testimony is at variance. In one instance, at least, the testimony of the plaintiff — at variance with that of the defendant — was corroborated by a disinterested witness.   Quite recently, in *Tackabury* v. *Tackabury,* 334 Mich 157, this Court said:

"The testimony on the trial as to the conduct of the parties resulting in their marital difficulties and separation was in conflict. The determination of disputed issues rested largely on the matter of credibility of witnesses, especially the parties to the case. The trial judge having had opportunity to observe the parties and to listen to their claims was in better position than is this Court to determine the weight to be given to specific testimony. In *Chubb* v. *Chubb*, 297 Mich 501, 506, it was said:

" 'While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo*, especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse*, 286 Mich 151; *Stratmann* v. *Stratmann*, 287 Mich 94; *Westgate* v. *Westgate*, 291 Mich 18.' "

Affirmed. No costs.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.