BIERIE *v.* BIERIE.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

Wife's claims that husband was constantly drunk, made physical assaults upon her, falsely accused her of infidelity and used foul and abusive language toward her, supported by proofs and in a measure admitted by him and apparently believed by the trial court, *held*, to constitute extreme and repeated cruelty entitling her to divorce.

2. SAME—EXTREME CRUELTY—DRUNKENNESS—CONDONATION.

Condonation by wife of husband's extreme cruelty arising from his drunkenness was not established by proof that occasionally she joined him in the use of intoxicants, where it is not shown that she became intoxicated.

3. SAME—CONDONATION.

If condonation and forgiveness of husband's wrongdoing are to be implied from wife's continued cohabitation with him, they must be held to have been conditioned on nonrepetition of the misconduct by him in order to preclude granting of divorce on the ground for which condonation is claimed to have avoided.

4. SAME—CONDONATION—REPEATED MISCONDUCT.

The defense of condonation was not available to husband in suit for divorce, where the misconduct claimed to have been condoned was repeated until the time of final separation.

5. SAME—RECRIMINATION—RECORD.

Plaintiff husband's claim of recrimination in suit for divorce, based on wife's alleged improper associations with another man, *held*, not substantiated under record presented.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation §§ 58, 59, 61.
[2] 17 Am Jur, Divorce and Separation §§ 204, 211.
[3, 4] 17 Am Jur, Divorce and Separation § 197.
[6] 17 Am Jur, Divorce and Separation §§ 234, 235.
[7] 3 Am Jur, Appeal and Error § 1163.

6. SAME—EQUAL BLAME—LIKE MISCONDUCT—LONG SEPARATION—PUBLIC POLICY—BOTH PARTIES DESIROUS OF DIVORCE.

Divorce may not be decreed where both parties are equally to blame or guilty of like misconduct, merely because of long separation, on grounds of public policy or because both parties desire divorce.

7. SAME—INADVERTENCIES IN OPINION—EXTREME CRUELTY—RECRIMINATION—CONDONATION.

Inadvertencies in a trial court's opinion and award of decree of divorce to wife, possibly on grounds not legally tenable, constitute no barrier to affirmance of decree of divorce to her, where defendant wife, afflicted with an incurable illness, has established her charges of extreme cruelty and plaintiff husband did not establish his recrimination or claim of condonation.

8. SAME—DE NOVO HEARING.

A divorce case is heard *de novo* by the Supreme Court.

Appeal from Genesee; Roth (Stephen J. ), J. Submitted April 2, 1957. (Docket No. 1, Calendar No. 47,039.) Decided June 3, 1957.

Bill by Joseph E. Bierie against Elsie M. Bierie for divorce. Decree granted on defendant's cross bill. Plaintiff appeals. Affirmed.

*B. Morris Pelavin,* for plaintiff.

*McGregor & Traycik* (*Robert A. Steadman,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff husband appeals from decree of divorce granted defendant on her cross bill.

The wife charged him with constant drunkenness, physical assault upon her, falsely accusing her of infidelity, and use of foul and abusive language toward her. These charges were substantiated by proofs and in a measure admitted by him. We believe them true, as the trial court apparently did, and hold his conduct to constitute extreme and repeated cruelty entitling her to divorce.

Plaintiff claims condonation because defendant continued to live with him during and after his several acts of misconduct until he left her, and because, occasionally, she joined him in the use of intoxicants. The proofs establish drunkenness on his part, but not on hers. Efforts of a wife to get along and live peaceably with her husband do not necessarily give rise to implied condonation of his misconduct. If condonation and forgiveness of his wrongdoings are to be implied from her continued cohabitation with him, they must be held to have been conditioned on nonrepetition of the misconduct by him. *Tackaberry* v. *Tackaberry,* 101 Mich 102; *Austin* v. *Austin,* 172 Mich 620; *Bohlka* v. *Bohlka,* 318 Mich 468; *Stewart* v. *Stewart,* 329 Mich 198; *Durham* v. *Durham,* 331 Mich 668. The proofs establish such repetition until the time of final separation. That strips him of the defense of condonation.

As recrimination, plaintiff charges defendant with improper associations with another man or men. This gives rise to questions of fact and credibility of witnesses. Reading of all the testimony in the case does not convince us of immorality or other impropriety on her part in this connection.

Appeal may have been prompted by language in the trial court's opinion to the effect that the question usually before the court in divorce cases, whether the marriage should be severed, was not present in this case because it had already been severed by 11 years of separation and that, with respect to grounds for divorce, "the parties were fairly equally at blame," but that, because suit had been started by the husband and she apparently suffered from an incurable illness, she was, as a matter of justice, entitled to a divorce. Recognizing the validity of plaintiff's contentions that divorce may not be granted where parties are equally to blame or guilty of like misconduct, nor merely because of long sep-

aration, nor on grounds of public policy, nor because both parties desire divorce, nonetheless, hearing the case *de novo,* as we do in chancery, we are satisfied that defendant has established her charges of extreme cruelty, that plaintiff did not establish his recrimination or claim of condonation, and that defendant is therefore entitled to divorce. Under such circumstances, inadvertencies in the trial court's opinion and award of decree, possibly on grounds not legally tenable, constitute no barrier to our affirmance on grounds which are. *Draws* v. *Levin,* 332 Mich 447, and cases therein cited.

Affirmed, with costs to defendant.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.