KEENAN v. KEENAN.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
Decree of divorce was properly awarded to plaintiff wife on ground of extreme cruelty of husband, where there was testimony that he falsely accused her of misconduct with other men, was irritable and abusive in his manner toward her, was discourteous to her relatives and friends, neglected her when she was confined in a hospital after an automobile accident and objected to her getting proper treatments to alleviate her physical condition, told her he did not care for her, threatened her with physical violence, did not entertain proper respect for her and did not have confidence in her, extreme cruelty not being confined to physical violence.

2. SAME—EXTREME CRUELTY.
Grievances to justify a decree of divorce on the ground of extreme cruelty may be mental or physical, if they are of a sufficiently aggravated nature.

3. SAME—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.
A divorce case is heard de novo on appeal, but especial consideration is given to findings of the circuit court that are largely based upon the credibility of witnesses.

4. SAME—EXTREME CRUELTY—CONDONATION.
A claim of condonation in defense of a suit for divorce on the ground of extreme cruelty is not made effectual merely because no new misconduct constituting a cause for divorce is shown to have occurred subsequent to the alleged condonation, but

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 63.
Accusation of improper relations as cruelty constituting ground for divorce. 143 ALR 623.
[2] 17 Am Jur, Divorce and Separation § 49.
[3] 3 Am Jur, Appeal and Error § 833.
[4] 17 Am Jur, Divorce and Separation § 225.
Condonation of cruel treatment as defense to action for divorce. 32 ALR2d 107.

it is necessary that the conditions upon which the condonation was granted should have been complied with by the offending party.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted June 9, 1960. (Docket No. 37, Calendar No. 48,458.) Decided September 15, 1960.

Bill by Mary A. Keenan against Melbourne F. Keenan for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Donald C. Neitzel,* for plaintiff.

*Arnold F. Zeleznik,* for defendant.

CARR, J. The parties to this divorce suit were married in November, 1948. Each had been previously married, and the defendant was approximately 22 years older than the plaintiff. They lived together until the 26th of October, 1957, at which time because of difficulties arising between them they separated, the plaintiff leaving the home and instituting a divorce proceeding. On the 30th of November following they resumed cohabitation for a period of 4 or 5 days.

Plaintiff's bill of complaint, filed January 11, 1958, alleged as a basis for her cause of action conduct on the part of defendant claimed to constitute extreme and repeated cruelty. Defendant, by answer, denied the charges of conduct constituting cruelty, asserting in effect that plaintiff had no sufficient grounds for seeking a decree of divorce. On the trial of the case plaintiff testified that defendant falsely accused her of misconduct with other men, that he was irritable and abusive in his manner toward her, that he was discourteous to her relatives and friends, that he neglected her when she was con-

fined in a hospital at West Branch as a result of an automobile accident, and that he objected to her procuring proper treatments to alleviate her physical condition. She claimed that he had stated to her many times that he did not care for her, and that if she did not like the way that he treated her she could leave the home. Plaintiff claimed also that defendant was ill-tempered, that he threatened her with physical violence, and that in general his conduct was such as to indicate that he did not entertain proper respect for her or have confidence in her. In the main these charges were denied by defendant in his testimony, which was directed principally to minimizing the accusations that she made against him.

After listening to the proofs of the parties the trial judge came to the conclusion that plaintiff was entitled to a decree of divorce, which was duly granted. Defendant has appealed, claiming that there were insufficient grounds to support the decree, and that plaintiff's bill of complaint should have been dismissed. Such claim is disputed by appellee. It is argued in her behalf that the trial judge after listening to the testimony was in position to evaluate the proofs and that his conclusions ought not to be disturbed.

In *Brookhouse* v. *Brookhouse,* 286 Mich 151, the Court recognized that incompatibility is not a ground for divorce but that a course of conduct over a period of years involving abusive and humiliating treatment of one spouse by the other may properly be regarded as constituting extreme and repeated cruelty. In sustaining the decree of the trial court in plaintiff's favor, it was said (p 155):

"The statutes do not confine the definition of extreme cruelty to physical violence; the grievances to justify a decree of divorce may be mental or physical, if they are of a sufficiently aggravated

nature. *Cooper* v. *Cooper,* 17 Mich 205 (97 Am Dec 182). Extreme cruelty is not confined to physical violence. *McCue* v. *McCue,* 191 Mich 1. Unfounded accusations of misconduct, tending to degrade and humiliate, and which, if believed, would cause loss of friends and respect, constitute extreme cruelty. *De Vuist* v. *De Vuist,* 228 Mich 454. Grounds for divorce exist where a husband falsely accuses his wife of adultery. *Simon* v. *Simon,* 225 Mich 645; *Farley* v. *Farley,* 278 Mich 361 (109 ALR 678). Under the evidence in the case the trial court properly entered a decree for plaintiff."

In *Chubb* v. *Chubb,* 297 Mich 501, 506, this Court sustained a decree granted to the defendant husband and cross-plaintiff on grounds of extreme cruelty. In reaching such conclusion, it was said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94; *Westgate* v. *Westgate,* 291 Mich 18."

See, also, *Pinchuk* v. *Pinchuk,* 317 Mich 523.

Under plaintiff's proofs in the instant case, which the circuit judge accepted as indicating the difficulties of the parties and the reasons therefor, we think that sufficient grounds were shown to justify a finding of extreme and repeated cruelty, and for the granting of a decree of divorce to plaintiff on that ground. Defendant's conduct in stating to plaintiff that he did not care for her and that if she did not like the way he treated her she was at liberty

to leave the home might well have resulted in mental suffering and a feeling of deep humiliation on her part. If defendant's attitude toward her was of the nature suggested by her testimony, she could scarcely have reacted otherwise.

As before noted, the parties after their first separation in October, 1957, resumed their marital relations, approximately one month later, for 4 or 5 days. Plaintiff then again left the home. On behalf of appellant it is argued that the resumption of the family relation for the period of time indicated constituted a condonation of any improper conduct on defendant's part prior thereto. On the trial of the case plaintiff testified that she had returned to the home at the request of defendant, and in reliance on his assurances that he would change his ways, that he would treat her with more consideration, and that he would arrange his property matters so as to give her an interest therein. It was her claim that none of these promises were kept, and that he indicated his attitude by stating to her shortly following her return to the home that her act in so doing had terminated the divorce case. If plaintiff's testimony was correct, and the circuit judge obviously determined that it was, the conclusion cannot be avoided that the brief reconciliation rested on the bases of promises and assurances given by defendant to plaintiff which were not kept, and which inferentially were not made in good faith.

In *Creech* v. *Creech*, 126 Mich 267, it was said that:

"A claim of condonation in defense of a suit for divorce on the ground of extreme cruelty is not made effectual merely because no new misconduct constituting a cause for divorce is shown to have occurred subsequent to the alleged condonation, but it is necessary that the conditions upon which the condonation was granted should have been complied with by the offending party." (Syllabus.)

The above decision was cited with approval in *Stewart* v. *Stewart,* 329 Mich 198, 208, and in *Hollway* v. *Hollway,* 344 Mich 304, 309. Under these decisions and others of like import we conclude that appellant's claim as to condonation is not well-founded.

The decree of the circuit court is affirmed, with costs to plaintiff.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.