## WASHBURN v. LAKE DIANE, INC.

DISCOVERY—PRETRIAL ORDER—FAILURE TO COMPLY—REMEDY—DEFAULT JUDGMENT.

> Pretrial order requiring defendant property developer to furnish plaintiff property owner with ledger sheets as to each of plaintiffs' lots that he had sold, indicating selling price, nature of sale, and amounts paid up to the time a receiver was appointed was proper because it was essential to the accounting requested by plaintiffs and defendants; therefore a default judgment against defendants was proper after they failed to comply with an order to produce the information (GCR 1963, 310.1[1], 313.2[2] [c]).

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 June 5, 1969, at Lansing. (Docket No. 6,260.) Decided June 24, 1969.

Complaint by Thomas W. Washburn and Helen Washburn against Lake Diane, Inc., a Michigan corporation, and Floren Klopfenstein to avoid a contract under which defendants were to develop certain property owned by plaintiffs, for appointment of a receiver, for an accounting, and for other

REFERENCES FOR POINTS IN HEADNOTE

23 Am Jur 2d, Depositions and Discovery § 260.

Constitutionality, construction, and application of statutes or rules of court which permit setting aside a plea and giving judgment by default, or dismissing suit, because of disobedience of order, summons, or subpoena duces tecum requiring production of documents. 144 ALR 372.

Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearance, trial, or filing of necessary papers. 21 ALR3d 1255.

relief.   Default judgment for plaintiffs.   Defendants
appeal.   Affirmed.

*Dimmers & Moes* (*Lewis I. Loren,* of counsel), for
plaintiffs.

*Clay ·T. Brockman,* for defendants.

BEFORE: LESINSKI, C. J., and QUINN and DAN-
HOF, JJ.

PER CURIAM.   This action arises out of a contract
by which defendants were to develop and sell prop-
erty owned by plaintiffs.   By their action, plaintiffs
sought to have the contract declared null and void,
appointment of a receiver, and an accounting as to
lots sold by defendants.   By their answer, defendants
admitted all of the allegations contained in plaintiffs'
complaint, except the allegation of fraud, and de-
fendants prayed for certain relief, including appoint-
ment of a receiver, to protect their interests and
liabilities arising out of the contract.   A receiver
was appointed and he qualified to act.

The pretrial summary required defendants to
furnish the receiver with ledger sheets as to each
lot sold indicating selling price, nature of sale and
amounts paid on sales up to the time receiver was
appointed.   This information was to be furnished to
the receiver within 30 days of receipt of the pretrial
summary, which also provided for default judgment
on motion of plaintiffs if defendants failed to furnish
the information as ordered.

Defendants failed to furnish the information as
ordered.   Plaintiffs' motion for default judgment
was granted and such a judgment entered.   On
appeal, defendants contend the default was improp-
erly entered.

The information defendants were ordered to produce was not only essential to the accounting requested by plaintiffs and defendants, but discovery of such information is authorized by GCR 1963, 310.1(1). Refusal to make discovery authorizes default judgment, GCR 1963, 313.2(2)(c), and defendants were forewarned of this eventuality in the pretrial summary. The protection defendants seek for their interests and liabilities on the issue of damages arising under the contract is available under GCR 1963, 520.2(2).

Affirmed with costs to plaintiffs.