METCALF v. METCALF

1. Divorce—Extreme Cruelty—Refusal of Marital Relations.
   Wife's refusal to have marital relations for a period of nine months constitutes extreme cruelty justifying a judgment of divorce to the husband.

2. Divorce—Extreme Cruelty—Evidence—Opprobrious Epithets.
   Trial judge's finding of extreme cruelty on the part of defendant wife is not disturbed, where testimony revealed that the defendant frequently addressed the plaintiff, as well as his children, with opprobrious epithets.

3. Divorce—Extreme Cruelty—Opprobrious Epithets—Destructive of Family Harmony.
   The frequent use of opprobrious epithets by one spouse to another spoken in the presence of young children would justify the trial court's finding of extreme cruelty, because the use of such language is destructive of family harmony and inimical to the proper care and upbringing of children.

4. Divorce—Extreme Cruelty—Evidence.
   Judgment of divorce was properly awarded to plaintiff husband on ground of extreme cruelty of wife, where there was testimony that she refused to arise in the morning to prepare

---

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation § 63.
   Refusal of sexual intercourse as grounds for divorce.  175 ALR 708.
[2, 3] 5 Am Jur 2d, Appeal and Error § 868.
   24 Am Jur 2d, Divorce and Separation §§ 48, 398.
[4] 24 Am Jur 2d, Divorce and Separation § 32 et seq.
[5] 24 Am Jur 2d, Divorce and Separation §§ 221, 222.
[6] 5 Am Jur 2d, Appeal and Error § 868.
[7] 24 Am Jur 2d, Divorce and Separation § 226 et seq.
[8] 24 Am Jur 2d, Divorce and Separation §§ 883, 885.
[9] 24 Am Jur 2d, Divorce and Separation §§ 571, 573.
[10] 24 Am Jur 2d, Divroce and Separation §§ 600, 602, 609, 618–625.

the children for school, refused to take telephone messages relating to the plaintiff's business, was absent from the home overnight, and refused to allow the plaintiff to experience the pleasures inherent in the sport of hunting deer.

5. Divorce—Condonation.

Further acts of marital misconduct of the same nature as those condoned destroy the defense of condonation.

6. Divorce—Appeal and Error—Witnesses—Credibility.

Trial court's refusal to draw an inference of impropriety on the part of plaintiff cannot be considered erroneous, since the trial court is in a better position to determine the credibility of witnesses at a divorce proceeding, where there was no testimony that showed any impropriety, and much testimony negating the charge.

7. Divorce—Misconduct—Recrimination.

Finding that acts of cruelty by plaintiff husband were provoked by unreasonable conduct of defendant wife coupled with trial court's determination that the defendant's conduct was the cause of marital discord precludes the application of the doctrine of recrimination.

8. Divorce—Property Settlement.

Property settlement providing that defendant wife should have her personal effects, one-half the proceeds from the sale of a homestead and an automobile, $1,300 in weekly installments of $25, and one-half of the household goods and furnishings, and giving plaintiff stock in a going business and other property subject to the provisions for the defendant was fair where nearly all of the property of the parties was owned by plaintiff at the time of the marriage and the defendant was the party at fault.

9. Divorce—Attorney Fee—Discretion—Appeal and Error.

Attorney fees to be awarded in a divorce matter are left to the sound discretion of the trial court and will not be disturbed by the Court of Appeals unless there is an abuse of the discretion.

10. Divorce—Alimony.

Judgment of divorce providing that defendant should not receive any alimony should be modified to provide for alimony of $1 per year where defendant is suffering from varicose veins, has no profession or vocation, was awarded no productive property, was the party at fault, and where at the time of the divorce her ability to earn money was not established, in order to

permit the consideration of meeting such needs as deemed necessary and proper now or in the future, provided plaintiff will be able to furnish them.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 May 8, 1970, at Grand Rapids. (Docket No. 7700.) Decided December 4, 1970.

Complaint for divorce by Clifford Metcalf against Helen N. Metcalf. Judgment for plaintiff. Defendant's counterclaim for separate maintenance denied. Defendant appeals. Modified and affirmed.

*Timothy J. Conroy*, for plaintiff.

*Helen N. Metcalf, in propria persona.*

Before: Holbrook, P. J., and Bronson and Munro,* JJ.

Per Curiam. Plaintiff husband, Clifford Metcalf, sued for divorce on the ground of extreme cruelty, MCLA § 552.7 (Stat Ann 1957 Rev § 25.87). This appeal is from the circuit court judgment granting the plaintiff a divorce and denying the wife's counterclaim for separate maintenance.

The facts relevant to the issues on appeal are set forth below. The parties were married in 1961. This was a second marriage for the husband, entered into subsequent to his first wife's death. The defendant had been married two times previously, both marriages having resulted in divorce. During the course of this marriage, three of the husband's children lived with the couple as did two of the wife's. One son was born of this marriage. The couple had separated for a few months approximately four years prior to this divorce, but soon went back together.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's first claim on appeal is that the plaintiff failed to prove extreme and repeated cruelty such as to warrant the granting of a divorce. With this contention we disagree. Testimony adduced at trial revealed that for nine months prior to the parties' separation the defendant refused to indulge in sexual relations with the plaintiff. Consistent denial of sexual intercourse during marriage has been held to be a sufficient ground for divorce. *Reeves* v. *Reeves* (1952), 335 Mich 193; *Campbell* v. *Campbell* (1907), 149 Mich 147; *Menzer* v. *Menzer* (1890), 83 Mich 319.

Additionally, the testimony at trial revealed that the defendant frequently addressed the plaintiff, as well as his children, with opprobrious epithets. The use of such language would justify the trial court's finding of extreme cruelty. See *Maynard* v. *Maynard* (1950), 329 Mich 247; *Bennett* v. *Bennett* (1872), 24 Mich 482. This would be particularly true since remarks of this nature, spoken in the presence of young children, are destructive of family harmony and inimical to the proper care and upbringing of children. *Brookhouse* v. *Brookhouse* (1938), 286 Mich 151.

The above-mentioned conduct, coupled with the defendant's refusal to arise in the morning to prepare the children for school, refusal to take telephone messages relating to the plaintiff's business, absence from the home overnight, and refusal to allow the plaintiff to experience the pleasures inherent in the sport of hunting deer, are indications of a prolonged course of conduct amounting to cruelty. See *Keenan* v. *Keenan* (1960), 361 Mich 123.

The defendant contends that the reconciliation of the parties after the temporary separation in 1965

bars any reliance on acts of cruelty committed before that time, because of condonation. However, even if we assume that condonation did in fact take place, further acts of the same general nature as those condoned destroy this defense. *Bierie* v. *Bierie* (1957), 348 Mich 440; *Durham* v. *Durham* (1951), 331 Mich 668. In the instant case many of the acts constituting extreme cruelty took place subsequent to 1965, and which, in themselves, would be grounds for granting the divorce. *MacKenzie* v. *MacKenzie* (1962), 366 Mich 632.

It is further contended by the defendant that her counterclaim for separate maintenance, based upon the plaintiff's alleged physical abuse of the defendant and also the plaintiff's improper association with another woman, should have been granted by the trial court. With respect to the latter, there was no testimony which showed any impropriety on the part of the plaintiff, and the record discloses considerable testimony which negated the charge of impropriety. Since the trial court is in a better position to determine the credibility of the witnesses, the trial court's refusal to draw an inference of impropriety cannot be considered erroneous. GCR 1963, 517.1; *Crane* v. *Crane* (1969), 17 Mich App 588.

Regarding the defendant's allegation of cruelty on behalf of the plaintiff, the trial court found that any acts of cruelty by the plaintiff "were provoked by the unreasonable conduct of the defendant". *Trombley* v. *Trombley* (1945), 313 Mich 80. This finding, coupled with the trial court's determination that the defendant's conduct was the cause of the marital discord, precludes the applicability of the doctrine of recrimination. *Sovereign* v. *Sovereign* (1956), 347 Mich 205.

The final issues raised on appeal relate to the property settlement, alimony, and attorney fees. The record reveals that the parties were married in January 1961, and a judgment of divorce granted in June 1969. The defendant brought to the marriage $3,200, the proceeds from the sale of her home, and contributed $40 per week, the support money paid her for her two daughters. The plaintiff at the time of the marriage owned the home that the parties lived in after marriage, and stock in a going business, valued at $150,000. During the marriage the parties made some improvements to the home. The plaintiff encountered some difficulties in his business, but estimated the value at the time of divorce to be in the neighborhood of $135,000 to $150,-000—but with an outstanding debt owing for money advanced to pay income taxes.

The judgment of divorce awarded custody of the minor child of the parties to the defendant; ordered plaintiff to pay defendant $30 per week as support and maintain hospital and medical insurance for the child and to pay in any event all hospital, medical and dental bills for the child exceeding $10 per month.

The property settlement provided that defendant should have her personal effects; the homestead was to be sold and one-half but not less than $11,000 be paid defendant out of the proceeds; the Cadillac automobile be sold, and defendant paid one-half of the proceeds but not less than $1,500; that an additional sum of $1,300 be paid defendant payable by plaintiff in 52 weekly installments of $25, and that the household goods and furnishings be divided between the parties equally.

The plaintiff was awarded the company stock and the other property subject to the provisions made for the defendant.

The divorce judgment provided that defendant should not receive any alimony.

Defendant maintains that she is entitled to a larger share of the property, alimony, and an award for attorney fees of $2,694.10.

In view of the fact that nearly all of the property of the parties was owned by plaintiff at the time of the marriage and the fact that defendant was the party at fault, it cannot be said that the property settlement was unfair. *Ackerman* v. *Ackerman* (1966), 5 Mich App 338.

The amount of attorney fees to be awarded in a divorce matter is one that is left in the sound discretion of the trial court. Because the defendant has failed to show an abuse of discretion our Court will not disturb the award of attorney fees. *Socha* v. *Socha* (1966), 5 Mich App 404.

The question of alimony in cases such as the one we are now considering is usually difficult. The undisputed facts indicate that defendant is suffering from varicose veins; that the defendant has no profession or vocation; that her ability to earn money at the time of the divorce was not established. The productive property was awarded and properly so to the plaintiff. Under the circumstances in this case it is difficult to determine what the defendant needs in the form of alimony. In order to permit the consideration of meeting such needs as deemed necessary and proper now or in the future provided plaintiff will be able to furnish them, the judgment of divorce should be modified to provide for alimony at the rate of $1 per year.

The judgment of divorce should be affirmed as modified herein, but without cost. *Whittaker* v. *Whittaker* (1955), 343 Mich 267.