BECHTEL *v.* BECHTEL

1. DISCOVERY—PRODUCTION OF EVIDENCE—FAILURE TO COMPLY—DEFAULT JUDGMENT—DIVORCE.

   The trial court may, in its discretion, strike defendant's answer and enter a default judgment in a divorce action where defendant refused to comply with court orders to produce evidence during discovery (GCR 1963, 313.2[2][c]).

2. DISCOVERY—PRODUCTION OF EVIDENCE—FAILURE TO COMPLY—DEFAULT JUDGMENT—DIVORCE.

   The trial court did not abuse its discretion in striking defendant's answer and entering a default judgment of divorce where defendant repeatedly refused to comply with court orders requiring the production of documents and the default judgment was entered with leave for the defendant to set aside the default by producing the documents.

3. COSTS—ATTORNEY FEES—PERCENTAGE OF ESTATE—DIVORCE ACTIONS.

   An award of attorney fees in a divorce action based solely on the percentage of the estate cannot be sustained.

4. COSTS—ATTORNEY FEES—POSSIBLE FUTURE LITIGATION.

   An award of attorney fees cannot be based on possible future litigation in other states.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 23 Am Jur 2d, Depositions and Discovery §§ 146, 256, 260, 261.

[3–5] 24 Am Jur 2d, Divorce and Separation §§ 571–599.

5. COSTS—ATTORNEY FEES—DISCRETION—DIVORCE ACTIONS.
   Awarding an additional $10,000 in attorney fees in a divorce
   action was an abuse of discretion where the record showed
   that the award on the possibility of future litigation in other
   states and on a percentage figure, five percent, of the total
   estate.

Appeal from Oakland, William John Beer, J. Submitted Division 2 December 14, 1970, at Lansing. (Docket No. 9129.) Decided May 19, 1971. Leave to appeal denied, 385 Mich 772.

Complaint by Evelyne R. Bechtel against Willis Raymond Bechtel for divorce. Default judgment for plaintiff. Defendant appeals. Affirmed in part and reversed in part.

*Davis, Hayward & Slavens,* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff and White,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

BRONSON, P. J. Defendant, Willis Bechtel, appeals from the trial court's order striking defendant's answer and entering a default judgment of divorce for the plaintiff-wife. In addition to contesting the above-mentioned order, defendant contends that the trial court abused its discretion by awarding plaintiff's attorney the amount of $22,000 for attorney fees.

The record in the instant case is replete with defendant's violations of court orders. The orderly administration of justice would indeed be jeopardized if courts were powerless to act under such cir-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cumstances. While the court's decision to strike defendant's answer and enter a default judgment may appear to be harsh, it cannot be questioned that the court has such power. GCR 1963, 313.2(2) (c), 506.6(2). Under the facts of this case we find no abuse of discretion by the trial court.

The record reveals that on June 18, 1969, the court issued an order compelling the defendant to appear for the purpose of taking testimony and required defendant to produce relevant documents. The court's order designated July 1, 1969, as the date for compliance. The record further reveals that defendant, although his deposition was taken, failed to produce the documents required by the June 18 court order. Defendant also failed to comply with other portions of the June 18 order. Consequently, plaintiff filed a motion regarding defendant's refusal to comply with the earlier court order. Service of process was properly made under GCR 1963, 107.2(1). In part, plaintiff's motion stated:

"That by order dated June 18, 1969, the defendant was required to produce certain documents. He has failed to produce these documents despite his promise to do so."

The plaintiff's motion requested that the court take one or more of the following actions:

"1. That defendant, Willis Raymond Bechtel, be not permitted to introduce testimony or evidence at the trial of this cause in support of his answer, or otherwise.

"2. That the answer of Willis Raymond Bechtel be stricken, and a default against the defendant be entered in this cause.

"3. That this court enter its order requiring the defendant to show cause why he should not be held

in contempt of court because of his disregard of this court's orders and injunctions."

Following a hearing on plaintiff's motion, the court entered two orders: an order to show cause why defendant should not be held in contempt for disobeying the court's previous order; and an order of default. The order of default provided:

"Now, therefore, it is ordered that the default of Willis Raymond Bechtel, defendant, is hereby entered because of the refusal of the defendant to obey the court order dated June 18, 1969, entitled 'Order Compelling Testimony of Willis Raymond Bechtel and Requiring Production of Documents'."

Although the court ordered that defendant be considered in default, the same order contained a provision which would permit defendant to set aside the default by producing the documents previously sought by plaintiff pursuant to the court's June 18 order:

"It is further ordered that the defendant, Willis Raymond Bechtel, may petition this court to set aside this default upon his showing to the satisfaction of the court that he has complied with the aforesaid court order, provided, that if this default is not set aside by court order on or before November 1, 1969, this default shall be final and plaintiff may proceed to a default judgment."

No attempt was made by defendant to set aside the default by complying with the above-cited provision. Under the circumstances, we find no abuse of discretion in the trial court's action.

With respect to the trial court's award of $22,000 for attorney fees, we note that on June 25, 1969, the trial court awarded plaintiff's attorney interim fees in the amount of $12,000. Part of this award was

for services rendered and the remainder was for services yet to be performed. The record supports a finding that these services were subsequently rendered.

However, at a hearing held on February 4, 1970, the trial court awarded an additional $10,000 for attorney fees:

*"The Court:* \* \* \* I have to give consideration favorably, I think, to the allegations here as to the size of this estate. And when I consider the size of this estate, I just cannot conclude that there is anything unreasonable about the request for counsel fees, the additional counsel fees, including the counsel fees awarded.

"Probably there is no more serious case that comes before a court than a divorce case, because it involves not only the dissolution of the marriage, it involves children, even children that might be grown, and certainly it amounts to a receivership in a certain sense of the property.

"Now, Mr. Hayward, did you receive any other fees besides the $12,000 that I awarded or was awarded heretofore?

*"Mr. Hayward:* No, your Honor. There was an earlier attorney fee awarded which was not paid. The $12,000 is the only one.

*"The Court:* You haven't received that?

*"Mr. Hayward:* I received that. In December, I received that.

*"The Court:* I remember. But you have not received any payment for services since?

*"Mr. Hayward:* And I have never received any payment from my own client, who has been unable to pay me in the case.

*"The Court:* Well, I think the award of an additional $10,000 is justified. That would make a total award of $22,000.

"And even if there was, and looking at these estate figures, there surely must be at least $440,000

involved here, and 5% of that would amount to $22,000.

"The basis of the award is the fair and reasonable amount of the fees in question and the estate in question."

A thorough reading of the record reveals that, in addition to awarding the extra $10,000 on the basis of a percentage of the estate involved, the trial court apparently considered possible future litigation cost which would be incurred in New York and Florida for the purpose of reaching defendant's assets.

We hold that the trial judge, in awarding $10,000 for additional attorney fees for the above-mentioned reasons, abused his discretion. Although the size of an estate is relevant insofar as it may require additional services, an award of attorney fees based soley on a percentage of the estate involved cannot be sustained. Furthermore, the amount of attorney fees to be awarded should not be based upon the possibility of future litigation in another state. Accordingly, we remand for a determination based upon all relevant factors as to what portion of the $10,000, if any, should have been awarded to plaintiff's attorney.

Affirmed in part and reversed in part.

All concurred.