ABADI v ABADI

1. DIVORCE—RESIDENCE—CALCULATION—INTENT OF RESIDENT.

A judgment of divorce should not be granted unless the complainant or defendant has resided in the county in which the complaint is filed for ten days immediately preceding the filing of the complaint; residence is calculated by excluding the first day and including the last, and is determined by the intent of the party involved.

2. DIVORCE—RESIDENCE—STATE—COUNTIES—JURISDICTION—VENUE.

The requirement that a divorce complainant reside in the state for 180 days immediately preceding the filing of the complaint is a jurisdictional matter intended to prevent forum shopping; the ten-day county residence requirement in divorce cases is a venue provision only.

3. DIVORCE—EQUITY—FINDINGS OF FACT—APPEAL AND ERROR.

Divorce is an equitable action in which trial of all questions of fact is reposed in the court; factual determinations of the court will not be disturbed on appeal absent clear error.

4. JUDGMENT—DEFAULT JUDGMENT—DISCOVERY—WANTON REFUSAL—COURT RULES.

The court rules authorize a court to grant a default judgment where a party flagrantly and wantonly refuses to make discovery (GCR 1963, 313.2[2][c]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 246–249.
Length or duration of domicil, as distinguished from fact of domicil, as a jurisdictional matter in divorce action. 2 ALR2d 291.
Relationship between "residence" and "domicil" under venue statutes. 12 ALR2d 757.
[2] 24 Am Jur 2d, Divorce and Separation §§ 267, 268.
[3] 24 Am Jur 2d, Divorce and Separation § 337.
[4] 23 Am Jur 2d, Depositions and Discovery §§ 146, 260, 261.
[5] 24 Am Jur 2d, Divorce and Separation §§ 933, 938, 942.
[6] 24 Am Jur 2d, Divorce and Separation §§ 618, 620.
[7] 24 Am Jur 2d, Divorce and Separation § 573.

5. DIVORCE—JUDGMENT—MODIFICATION OF JUDGMENT—ABUSE OF DIS-
     CRETION—CLEAR ERROR—APPEAL AND ERROR.

   A judgment of divorce may be modified or reversed where the
   trial court has committed an abuse of discretion in division of
   properties; distribution of property in a divorce action is not
   governed by rigid rules or mathematical formulas and need not
   be equal as long as it is substantially fair.

6. DIVORCE—ALIMONY—CIRCUMSTANCES OF CASE—CONSIDERATION OF
     COURT—APPEAL AND ERROR.

   A trial court gave due regard to the circumstances of the case
   when determining an alimony award where the record reveals
   that it considered the condition and situation of the parties,
   their health and age, their past relations and conduct, their
   needs and property, their ability to work, their prior standard
   of living, and ability to pay.

7. DIVORCE—ATTORNEY FEES—EXPENSES AWARD—ABUSE OF DISCRE-
     TION—APPEAL AND ERROR.

   An award or refusal of expenses or counsel fees in a divorce
   action will be interfered with on appeal only where manifest
   abuse of discretion can be shown.

Appeal from Oakland, Robert L. Templin, J.
Submitted June 22, 1977, at Detroit. (Docket No.
29248.) Decided September 6, 1977. Leave to ap-
peal denied, 402 Mich —.

Complaint by Barbara F. Abadi against Joseph
Abadi for divorce. Default judgment for plaintiff
with an order for alimony payments. Defendant
appeals. Affirmed.

*Robert J. Bromley,* for plaintiff.

*Ronald G. Hakim,* for defendant.

Before: BEASLEY, P. J., and V. J. BRENNAN and
J. R. McDONALD,* JJ.

V. J. BRENNAN, J. Defendant Joseph Abadi ap-
peals from a July 2, 1975, order of Oakland

---

* Circuit judge, sitting on the Court of Appeals by assignment.

County Circuit Court Judge Robert Templin denying defendant's motion to dismiss the complaint because of plaintiff Barbara F. Abadi's failure to establish proper residency in this state. On October 4, 1973, plaintiff left the marital home in Wayne County, where she had lived with her husband since their marriage in 1969, and flew by commercial means to Virginia where she attended a class reunion. She returned to Michigan on October 8, 1973, and, according to her testimony, checked into a Holiday Inn in the city of Farmington in Oakland County. She was fearful of returning to the marital home because she might be subject to personal danger from her husband. The complaint for divorce was filed on October 19, 1973, and on October 20, 1973, plaintiff checked out of the Holiday Inn and returned to her parents' home in the State of Virginia.

According to plaintiff's testimony, she checked into the Holiday Inn in Farmington in hopes of finding a job as a key punch operator in Oakland County, and she divided her time between looking for a job and looking for a suitable apartment. She was unable to find an apartment, and on October 18, 1973, telephoned her brother in Virginia and indicated that she wanted him to help her in moving her belongings to Virginia. Plaintiff spent some further time attempting to look for an apartment, but finally gave up the search on October 20, 1973.

After hearing testimony, Judge Templin noted a discrepancy between plaintiff's story while on the witness stand and the factual version she gave during an earlier deposition. However, Judge Templin felt satisfied that plaintiff was telling the truth while in his courtroom, and that any differences between her in-court testimony and that

taken on deposition could be attributed to her nervousness at the time of the deposition. Therefore, he determined that plaintiff's testimony should be accepted as credible and that she had satisfied the 10-day residency requirement.

On appeal, defendant raises two allegations of error. We will speak to each in order.

Defendant first contends that plaintiff failed to satisfy the residency requirements which would enable the Oakland County Circuit Court to obtain jurisdiction. MCLA 552.9; MSA 25.89.

Michigan statute provides that a judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint. MCLA 552.9; MSA 25.89. Calculation of those 10 days is ordinarily accomplished by excluding the first day and including the last. *Beaudry v Beaudry,* 20 Mich App 287, 288; 174 NW2d 28 (1969). Whether such a residency requirement has been satisfied is a question of fact involving the intention of the person involved. *Banfield v Banfield,* 318 Mich 38, 41–44; 27 NW2d 336 (1947).

We recognize that the statute includes a primary requirement that the complainant or defendant reside in the state for 180 days immediately preceding the filing of the complaint. That requirement is intended to be jurisdictional, so as to prevent "forum shopping" by complainants who may live in states where divorces are more difficult to obtain than they are under the Michigan no-fault divorce law. See *Sosna v Iowa,* 419 US 393; 95 S Ct 553; 42 L Ed 2d 532 (1975).

However, we find the 10-day requirement with respect to the county in which the action is

brought is a venue provision only. Regarding the present case, plaintiff has resided in this state since 1969; but the change in her marital status has unexpectedly disrupted her life style and prompted her to seek solace with her family outside Michigan. The 10-day residency requirement is not designed to bar persons such as plaintiff from dissolving their marital bonds in this state.

As divorce is an equitable action, trial of all questions of fact is reposed in the court without the assistance of a jury. Judge Templin properly held immediate trial on the disputed factual question of plaintiff's residency and her intention with respect to residency during the 10 days immediately preceding the filing of the complaint. GCR 1963, 116.3. Having resolved the factual questions in plaintiff's favor, the trial court properly denied defendant's motion. We will not disturb such factual determinations on appeal. We find no error in Judge Templin's disposition of this matter.

Defendant next alleges that the trial court abused its discretion in granting plaintiff's motion for default in a contested divorce proceeding when defendant allegedly failed to produce documents, where the default was granted under GCR 1963, 313.2(2)(c).

Refusal to make discovery authorizes a default judgment under the present court rule. See GCR 1963, 313.2(2)(c). *Washburn v Lake Diane Inc.,* 17 Mich App 704, 706; 170 NW2d 298 (1969). We realize that dismissing an action or rendering judgment by default for refusal to make discovery are drastic sanctions. Nevertheless, the ultimate power of the court to impose such sanctions is an appropriate remedy where such refusal is flagrant and wanton. We cannot say on review that the present case did not justify such drastic action.

The case had been pending for more than two years. Further, the trial court had entered an order requiring defendant to produce virtually the same documents on May 28, 1975. Plaintiff's attorney, justifiably apprehensive of ever receiving the documents in question, properly moved the court to enforce the 1975 order. As the trial date approached, and as the defendant clearly indicated that he would not be in court on the trial date, the trial judge was faced with no alternative but to take some drastic action. The arrest warrant issued after the alimony show cause hearing had not been served. The record was replete with both testimony and affidavit that the defendant was avoiding service. The transcript reveals that the attorney-client relationship between defendant and his attorney had broken down. Indeed, shortly before the trial date in this cause, defendant sought new counsel.

On these facts, we find the trial judge did not abuse his discretion in ordering entry of a default against defendant. *Humphrey v Adams,* 69 Mich App 577, 578–582; 245 NW2d 167 (1976), *Bechtel v Bechtel,* 33 Mich App 506, 507–509; 190 NW2d 248 (1971).

Defendant questions whether the trial court had adequate evidence to sustain a property division which awarded the plaintiff $150,000 cash and permanent alimony in the amount of $150 per week plus attorney's fees in the amount of $19,075 as well as preserving prior orders of the court in a judgment of divorce granted June 14, 1976.

We will modify or reverse a judgment of divorce where the trial court commits an abuse of discretion in division of properties. *Simmons v Simmons,* 58 Mich App 480, 482; 228 NW2d 432 (1975). However, we also recognize that the trial court has

great discretion in the adjustment of property rights. Division of property need not be equal because the distribution of property in a divorce action is not governed by rigid rules or mathematical formulas. *Johnson v Johnson,* 346 Mich 418, 431; 78 NW2d 216 (1956).

Even a short perusal of the divorce judgment reveals a substantial degree of fairness. We believe the trial court properly considered several factors. Specifically, testimony existed concerning the source of the property, contributions toward acquisition, years of married life, and needs of the parties, the parties' earning ability, and the cause for divorce. Having considered all of these factors, the trial judge properly awarded the settlement as he did. We find no abuse of discretion. Further, the trial court's right to award permanent alimony in a divorce case is statutory. MCLA 552.23; MSA 25.103. Under the statute, the court may award to either party a part of the real and personal estate of the other, giving due regard to the various circumstances of the case.

Since the plaintiff was no longer working, had left Michigan, was going to school to attempt to better her station in life, and had evidenced certain medical problems arising from the strain of the divorce proceedings, we do not find the trial court abused its discretion in his award of alimony. The court had due regard for the condition and situation of the parties, health and age, and the past relations and conduct of the parties. He considered the needs and property of the wife, her ability to do productive work in keeping with the standard of living to which she had become accustomed, and the husband's ability to pay. *Johnson v Johnson, supra* at 426–428.

We also note that the allowance of expense

money and amount of attorney's fees rest in the sound discretion of the trial court. *Metcalf v Metcalf,* 28 Mich App 442, 448; 184 NW2d 560 (1970). An award or refusal of expenses or counsel fees will be interfered with on appeal only where manifest abuse of discretion can be shown. *Schilleman v Schilleman,* 61 Mich App 446, 450; 232 NW2d 737 (1975), *Pinney v Pinney,* 47 Mich App 290, 293; 209 NW2d 467 (1973). We find no abuse of discretion in the trial court's award of attorney fees.

Having reviewed the errors defendant alleges which we believe merit comment and finding none persuasive, we sustain the trial court.

Affirmed.